BORCK *v.* MICHIGAN BOLT & NUT WORKS.

1. MASTER AND SERVANT—UNCOVERED MACHINERY—ASSUMPTION OF RISK.

An employer cannot be held liable for injuries to a boy 12 years old, resulting from his falling against uncovered cogwheels during a scuffle with a companion, on the ground that he was too young to be placed at work in the vicinity of uncovered machinery, where it appears from his own testimony that he was familiar with the construction of the machines, and was fully aware of the danger.

2. SAME—PROXIMATE CAUSE—EMPLOYMENT OF MINORS.

The fact that the boy was employed without the written per-

111   129
113   43

111   129
f122   400

111   129
s69NW   254
130   1161
j130   1164
111   129
s69NW   254
f132   1190
133   2163

111   129
e142   1287
111   129
147   3458
d147   3460
148   2421

111   129
149   28

mission of his parents or guardian, contrary to the provisions of 3 How. Stat. § 1997c3, was not the proximate cause of the injuries so received.

3. SAME—DANGEROUS MACHINERY—NOTICE.
    The notice contemplated by 3 How. Stat. § 1997c7, providing that "if * * * belting, shafting, gearing, elevators, drums, and machinery in the shops and factories are located so as to be dangerous to employés, and not sufficiently guarded, * * * after *due notice* of such defect, said proprietors or agents shall be deemed guilty of violating the provisions of this act," is notice by the inspector mentioned in the preceding section of the act, and, until this notice is given, the statutory liability does not exist.

Error to Wayne; Lillibridge, J. Submitted October 23, 1896. Decided December 9, 1896.

Case by Anthony Borck, an infant, by Andrew Borck, his next friend, against the Michigan Bolt & Nut Works, for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*W. H. Turner* and *Moore & Moore,* for appellant.

*Gray & Gray,* for appellee.

LONG, C. J. Plaintiff was injured by falling into the cogwheels in a machine used by the defendant in its shop. He was about 12½ years old at the time he entered defendant's employ, and had worked in the shop about 3 months when the accident happened. The defendant's shop is about 50 feet wide and some 250 feet long. It is well lighted, and the accident occurred in the daytime. The machines are arranged in the shop in three rows, the space between the rows being about six feet. The machines are about four feet square, and some consist of cogwheels, and others of twisted blades. The cogwheels are about one foot in diameter, three at the bottom and four at the top of the machine. They were uncovered, and plain to the view. Plaintiff's work was at one end of

the shop, and his duty was to place nuts on the bolts. On the day of the injury he had passed through the center space, got a pail of the nuts, and was returning to his place.   He testifies in relation to the injury as follows:

"The machine I was hurt on was next to the last towards the river in the middle row.   I went to the machine to get the pail of nuts.   They were standing alongside of the machine.   I picked up the pail, and had it in my hand.   Then Frank Lempke came up.   He is a boy about my size and age.   He said, 'Give me those nuts;' and I said: 'No, sir; I will not.   I use them as well as you do.   I need them more than you do, because I am further behind;' and then he jerked, and said he wanted them, and I said I wouldn't let him have them. He was trying to get them away from me.   I resisted, and we both pulled on the pail.   Then he jerked it, and gave me a shove,   *   *   *   and I fell backward right into the cogwheels.   He struck me at the time with his hand like that, and he let go of the pail at the same time.   At the time he let go I fell.   We were both pulling then. I fell into the cogwheels, and my hand got into the cogwheel, and I fell onto the box."

On cross-examination he testified that he went up and down between these machines every day for three months; that he was familiar with the construction of machines, knew how they ran, had seen the cogwheels in motion before, but never saw anybody hurt there; that he knew if any one got his fingers between the cogs his fingers would be smashed; that he knew enough to keep away from the machines while they were in motion; that they were in plain sight as he went up and down the passageway; and that it was light.   It was shown that both the father and mother of the plaintiff knew of his employment there, and never objected to it, though no written consent was given by either of the parents.

It is contended that the defendant was negligent in employing the plaintiff without the written consent of his parents.   Section 1997c3 of 3 How. Stat. provides:

" It shall be unlawful for any factory, manufacturing or mercantile establishment, to hire or employ any child

under the age of fourteen years without first receiving the permission in writing by the parent or guardian, stating the name and age of said child."

The next section provides that no place where less than 10 persons or children are employed shall be deemed a manufacturing or mercantile establishment.

It may be said as to this claim that there is nothing in the record showing how many persons or children were employed in defendant's factory; but counsel for plaintiff insist that it is plain that more than 10 persons were employed when the number of machines are considered, and that they are all in motion. There is some force in this contention, and, if the case rested upon this question alone, we should hesitate to hold that the statute had been complied with. The question must be determined, therefore, upon other grounds. The act itself, by section 8, provides a penalty for its violation. It is apparent that the non-compliance with the terms of the statute was not the proximate cause of the injury. The failure to comply with the statute by obtaining the written consent of the parents had nothing to do with the injury, as it was not one of the natural results of such failure to obtain the consent. There is no count in the declaration for negligence in employing the plaintiff, and it counts only upon the failure of the defendant to obtain the consent of the parents. The damages claimed are for the loss of the plaintiff's thumb and three fingers. The direct and proximate cause of the injury from which the damages flowed was either the scuffle between the plaintiff and Lempke, by which the plaintiff fell or was thrown into the cog-wheels, or the uncovered condition of the wheels. How can it be said that the failure to obtain the parents' written consent to his working in the shop in any manner caused the injury, or was in any way connected with it?

In *Poland* v. *Earhart*, 70 Iowa, 285, the defendant, in violation of the statute, sold a revolver to plaintiff's minor son, wherewith he by accident shot himself. Plaintiff sued for loss of services, and for expense incurred in nurs-

ing him. It was held that, in the absence of a showing that there was something in the minor's disposition or want of experience from which defendant might reasonably have anticipated that such an accident would happen, plaintiff could not recover. The court said:

"The immediate cause of these injuries was not the sale of the weapon by defendant, but the accident which subsequently occurred while the boy was handling it, whereby he was wounded."

The damages to be recovered in an action must always be the natural and proximate consequences of the wrongful act complained of. If a new force or power has intervened, of itself sufficient to stand as the cause of the mischief or injury, the first must be considered as too remote. *Schmidt* v. *Mitchell*, 84 Ill. 195 (25 Am. Rep. 448). See, also, *Swinfin* v. *Lowry*, 37 Minn. 345. As to proximate cause, see *Lewis* v. *Railway Co.*, 54 Mich. 55 (52 Am. Rep. 790), where the cases are collected and discussed by Mr. Justice COOLEY.

It is also contended that the defendant had failed to comply with section 1997c6, 3 How. Stat., which provides that—

"All gearing and belting shall be provided with proper safeguards."

It is contended by counsel for defendant that this was no violation of the statute, inasmuch as it is provided by section 6 of that act, being section 1997c7, 3 How. Stat., that—

"If * * * the belting, shafting, gearing, elevators, drums, and machinery in the shops and factories are located so as to be dangerous to employés, and not sufficiently guarded, * * * after due notice of such defect, said proprietors or agents shall be deemed guilty of violating the provisions of this act."

It is claimed that "after due notice of such defect" means the notice to be given by the inspector mentioned in section 5 of the act. We think this was the notice

required.    There is no pretense that any such notice was given.    The statute is very different from the one cited in *Ashman* v. *Railroad Co.*, 90 Mich. 567.

Counsel for plaintiff further contend that the defendant was guilty of negligence is not furnishing the plaintiff a safe place to work; that the plaintiff was too immature in intellect to appreciate the dangers of the place, and in putting him there, and not instructing him in regard to the danger, the defendant was guilty of negligence. The court below was of the opinion that the plaintiff, when he entered the defendant's employ, saw and knew the danger of getting into the cogwheels, and therefore assumed the risks of the employment.    In this, we think, the court was correct.    The testimony of the plaintiff shows conclusively that he knew and apprehended the danger.    It cannot, therefore, be said upon this record that he was too immature to know the danger he was in. The accident apparently was the result of the contention of the plaintiff and Lempke over the pail, for which the defendant was in no wise responsible.    The open cogwheels were to be seen by them, and the plaintiff testified that he knew, "if anybody got their fingers in between the cogs, they would be smashed."

We think the court below properly directed the verdict in favor of defendant.    The judgment must be affirmed.

The other Justices concurred.