ALLEN *v.* JAKEL.

MASTER AND SERVANT — INEXPERIENCED EMPLOYÉ—OBVIOUS DANGER—INSTRUCTIONS — NEGLIGENCE — QUESTION FOR JURY.

In an action against the owner of a paper mill for injuries resulting to an inexperienced employé 14 years of age from having her hand caught between the rollers of a machine about which she was employed, it was a question for the jury whether the owner, in view of the plaintiff's youth and inexperience, was in duty bound to instruct her how to do her work, or was justified in leaving her to learn the proper method from observation and experience, inasmuch as it was obvious that her hand would be injured if it should get between the rollers.

Error to Wayne; Frazer, J. Submitted October 15, 1897. Decided January 4, 1898.

Case by Elnora Allen, an infant, against Ferdinand Jakel, for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Haug & Yerkes*, for appellant.

*Isaac N. Payne* and *Robert Young*, for appellee.

HOOKER, J. The plaintiff, a girl of 14, was employed in the defendant's paper mill, and was entirely without experience. Her first employment was in feeding paper into a mangle, and she worked with her sister, two persons being employed to feed the mangle. This mangle

consisted of a large roller heated by steam, and above it three smaller rollers, between which and the larger roller the paper passed, and was removed at the back end of the machine, upon a table, coming out in sheets 10 or 12 yards long. After about two weeks' experience in feeding the machine, during which she was repeatedly warned "not to get her hands into the machine," and "not to get her fingers too close to the machine," her sister ceased work, and the plaintiff was sent to take the paper from the machine. It does not appear that she received any instruction about this, or any further caution than not to get her hands in the rollers; but she had for two weeks seen the machine in operation, and had seen how her predecessor did her work. The method was to take the end of the sheet as it issued from the mangle, and walk to the end of the table, until the other end of the sheet came out, when she would walk back, and with her right hand lift a light weight from the sheet below, and place it upon the sheet just out, and at the same time take with her left hand the new sheet, which would usually be started out from the mangle a foot or two. It sometimes happened that the sheet would come out between the smaller rollers, when the end would be inserted in the proper place to make it return, without stopping the machine, unless the paper was torn or wound about a roller, when it would be necessary to stop it. The plaintiff's hand was caught while attempting to insert the paper between the rollers, and she was seriously injured. The danger was obvious, and she knew and had been warned not to let her hand get caught in the rollers. It was her first attempt, and was made after she had taken but four or five sheets from the machine.

The only question in the case would seem to be whether the defendant was in duty bound to give her instruction as to how to do this work, or might leave her to learn it from observation and experience, inasmuch as it was obvious that the hand would be injured if it got into the rollers. It may be that no further instruction was required;

but this would depend upon the character of the work, and the opportunities she had enjoyed for understanding how to do it safely. It sometimes happens that the dangers of a tool or machine are obvious, yet some methods of use are much safer than others. Skill and dexterity are essential, and prudence dictates that inexperienced persons, especially young children, should have some instruction or opportunity to learn the proper way before they are allowed to attempt to use them. Whether this was such a machine, and whether the opportunity for observation was all of the instruction reasonably necessary, were questions to be submitted to the jury, not being sufficiently clear to warrant us to dispose of them as questions of law, arising upon undisputed facts.

The judgment is affirmed.

Montgomery, Moore, and Long, JJ., concurred with Hooker, J.

Grant, C. J. I concur in affirming the judgment. Plaintiff's hand was caught while she was attempting to arrange the paper, which came up in the wrong place. Defendant contends that, when this occurred, the machine should have been stopped, and that the plaintiff knew this. Upon this point the testimony is in conflict. If she had been so instructed, or knew that this should have been done, she could not recover. The court so instructed the jury. The jury found, in reply to a special question, that other employés had done the work in the same manner in which the plaintiff did it. All questions of fact are settled against defendant by the verdict. Whether plaintiff assumed the risk depended on her age, experience, knowledge, the necessity for instructions, and the instructions given. I think the case was not so clear as to justify the court in directing a verdict.