ERTZ *v.* PIERSON.

NEGLIGENCE—CHILDREN—MACHINERY—INSTRUCTION.

> Where it appears that the plaintiff, though of tender years, knew of and appreciated the danger of a machine he was operating, no recovery for personal injuries against his employer can be based upon a failure to warn him of the danger; but whether reasonable care required the owner to give him instructions as to the manner of operating a feed cutter safely is a question for the jury. *Allen* v. *Jakel,* 115 Mich. 484. GRANT, J., dissenting.

Error to Wayne; Donovan, J. Submitted November 20, 1901. (Docket No. 146.) Decided March 26, 1902.

Case by Albert Ertz, an infant, by Peter Ertz, his next friend, against Harry L. Pierson and Willis Hough, copartners as Pierson & Hough, for personal injuries. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Reversed.

*Lehmann Bros. & F. J. Riggs,* for appellant.
*May & O'Brien,* for appellees.

MONTGOMERY, J. The plaintiff, who, at the time of receiving the injuries hereinafter referred to, was a little less than 16 years of age, was employed by defendants in their harness-making establishment. He worked in the harness department about a week. He then went into the stock room, and worked for a few days, and, on the 23d day of February, 1899, he was sent into the collar department, where he was instructed by the foreman to cut long straw with a hand machine, and lay it in bundles, and, when short straw accumulated, he was directed to run it through an Ohio feed cutter. He had never operated a machine of that kind before that day. He used it about half an hour in the forenoon, and again about half an hour in the after-

noon.   The third time he attempted to make use of it, the straw got clogged in the bin, and he attempted to shove the straw away from the machine with his left hand, and, while pushing the straw away, his hand got caught in the knives, and cut off.   The circuit judge directed a verdict for the defendants, on the ground that the danger was obvious.

The case is certainly very near the border line.   The testimony of the plaintiff shows that he knew that there were knives in the machine, and that, if he got his hand in the machine far enough to come in contact with them, he would be injured.   There would be no difficulty in saying, therefore, that, so far as the fact of the machine being dangerous is concerned, the failure to warn the plaintiff of this danger could not be availed of as a ground for recovery; for, where it appears affirmatively that the plaintiff, though of tender years, knew of the danger, and appreciated it, no recovery can be based upon a failure to give the warning.   See *Borck* v. *Nut Works*, 111 Mich. 129 (69 N. W. 254); *Monforton* v. *Brick Co.*, 113 Mich., at page 43 (71 N. W. 588).   The precise question in this case, however, is whether the plaintiff should have been instructed as to the manner in which this work might be done with safety.   It is the theory of the defendants that he might either have stopped the machine, or have used a shovel to clear out the obstruction.   But the plaintiff testified that no one told him not to use his hands, that no one told him what to do in case the straw would not go through, and that no one told him to stop the machine before he went into the bin to shovel.   It is true, he testified, "I knew, as anybody would, that if I got them [his fingers] in far enough, they would be cut.",   We think, upon the turning point in the case, that the question is ruled by *Allen* v. *Jakel*, 115 Mich. 484 (73 N. W. 555).   In that case, the plaintiff had been warned not to get her hands in the rollers; but it was said:

"The only question in the case would seem to be whether the defendant was in duty bound to give her in-

130 MICH.—11.

struction as to how to do this work, or might leave her to learn it from observation and experience, inasmuch as it was obvious that the hand would be injured if it got into the rollers. It may be that no further instruction was required; but this would depend upon the character of the work, and the opportunities she had enjoyed for understanding how to do it safely. It sometimes happens that the dangers of a tool or machine are obvious, yet some methods of use are much safer than others. Skill and dexterity are essential, and prudence dictates that inexperienced persons, especially young children, should have some instruction, or opportunity to learn the proper way, before they are allowed to attempt to use them. Whether this was such a machine, and whether the opportunity for observation was all of the instruction reasonably necessary, were questions to be submitted to the jury, not being sufficiently clear to warrant us to dispose of them as questions of law arising on undisputed facts."

So we think that in the present case the question as to whether reasonable care required that instruction should be given to this plaintiff as to the manner of doing the work was a question for the jury. This question should be determined with full recognition of the fact that he knew that it was dangerous to put his hands in this machine where they would be likely to come in contact with the knives. No testimony was offered on behalf of the defendants in the present case. It is proper to say that if it should appear that plaintiff was instructed to stop the machine before attempting to remove the straw when it accumulated, or to use the shovel in such an emergency, or if it could be said that using the hands while the machine was in motion was so palpably negligent that the boy should himself know that he should not have done so, but should have used a shovel or other tool, or stopped the machine, which he had been instructed how to do, there would be no ground upon which a recovery could be had.

The judgment will be reversed, and a new trial ordered.

HOOKER, C. J., and MOORE, J., concurred with MONTGOMERY, J.

GRANT, J. (*dissenting*). I think several former decisions of this court clearly sustain the ruling and opinion of the circuit judge, and that a reversal of the case would result in overruling those decisions. This plaintiff had nearly attained the stature of a man,—he was five feet seven inches in height,—and the judge, in directing a verdict, said: "He was a well-developed boy, well grown up, bright, intelligent, and in every way seems to have been able to understand the danger." He had seen these cutters before. He had been cut with one when about six years old. He admits he was shown how to work it. He had been shown how to start and stop it, and was furnished a shovel with which to shovel away the cut straw as it came from the machine. The machine became clogged. He could have stopped the machine before attempting to clear the cut straw away. He could and he ought to have used the shovel which was provided for removing the straw. It was entirely unnecessary to use his hands. He testified:

"I took the straw from away over here to the other bin. I did not use the shovel when I got in here to clear this away, because I did not think anything of it. I did not think about using it; that is the only reason. I did not use the shovel to clear the straw away from in front of the spout of the machine, because I did not think anything of it. I knew that there was a shovel there; I used it before. They told me to use it to put the straw over into the other bin. I knew that there were knives on the inside of the box, but I did not know just where; had not seen them in there; they were covered. I did not see the knives in there.  *  *  *  Had not at any time during the day before that used my hands for clearing away the straw from the spout of the machine. That was the first time I had used my hands.  *  *  *  In order to stop the machine all I had to do was to raise my hand and touch this lever and push it over.  *  *  *  I knew when I was in the bin clearing the straw away that if I got my hands far enough into the spouts of that machine they would be cut, but I did not know where they were."

In *Palmer* v. *Harrison*, 57 Mich. 182 (23 N. W. 624), plaintiff was a boy 16 years old. The plaintiff in this case

lacked two months of being 16. The court in the *Palmer Case* said :

"The plaintiff was a boy 16 years old, of moderate intelligence, and, at the time of his employment by the defendant, had never before worked in a factory or shop where machinery was used, and had had no experience in working about it."

The same cause of negligence was alleged there as here. The plaintiff there, as here, knew that if he came in contact with the knives he would be hurt. He did not look, because he supposed the knives were still. The court said, speaking through Justice SHERWOOD :

"Upon these undisputed facts and the testimony of the plaintiff himself, it is difficult to see what notice or warning the defendant could have given which would in any manner have helped the plaintiff in avoiding the danger which overtook him; and if he could not, certainly the law requires none. The plaintiff's testimony shows him to be a young man of fair intelligence. * * * The case shows the injury to the plaintiff was the result of an accident which could have been avoided by a little more caution on the part of the plaintiff, as all the means for so doing were fully within his own observation and reach; and we quite agree with the learned judge of the superior court that it was, under all the circumstances, his duty to give the direction he did to the jury."

In *Borck* v. *Nut Works*, 111 Mich. 129 (69 N. W. 254), the plaintiff was 12 years old. One ground of negligence was the failure to instruct the plaintiff in regard to the danger. The court said :

"The testimony of the plaintiff shows conclusively that he knew and apprehended the danger. It cannot therefore be said upon this record that he was too immature to know the danger he was in."

In *Monforton* v. *Brick Co.*, 113 Mich. 39 (71 N. W. 586), a boy 14 years old was killed by coming in contact with the cogwheels of a revolving shaft. It is there said :

"He [the deceased] was advanced sufficiently in years so that he ought to have known that a shaft with a collar upon it, revolving 150 times a minute, was dangerous."

In *Journeaux* v. *E. H. Stafford Co.*, 122 Mich. 396 (81 N. W. '259), plaintiff, a boy 15 years old, was injured by coming in contact with a saw. We there said:

"There is no room for claiming that he was inexperienced, unintelligent, or so young as not to appreciate the situation."

I think that those cases clearly control this one.

Plaintiff relies upon *Allen* v. *Jakel*, 115 Mich. 484 (73 N. W. 555). I cannot consent to extend that case, where the plaintiff was a girl 14 years of age, had just been put at work on a complicated machine, and was attempting to arrange the paper, which came up in the wrong place, to include this case, where the machine is simple, where there is no claim that the plaintiff was not of sufficient intelligence to understand the working of the machine and to apprehend the danger, where he did understand and comprehend, and where he used his hands to do work for which he had been furnished a shovel, and which he had used several times before.

In *O'Keefe* v. *Thorn*, (Pa.) 16 Atl. 737, a boy 14 years of age was injured by getting his hand under a stamp machine, and the court said:

"All machinery is dangerous if not properly used. There was no danger in this particular machine that was not as obvious to a boy of 14 as to an adult. He could see that if he placed his hand under the stamp it would be crushed. If boys are not allowed to use machinery until they have become accustomed to its use, it would be difficult for them to learn any useful trade or occupation by which to earn a livelihood."

In *Ciriack* v. *Woolen Co.*, 146 Mass. 182 (15 N. E. 579, 4 Am. St. Rep. 307), a boy 12 years of age came in contact with uncovered gearing, and was injured. The court held that "explicit instructions would have added nothing to what the lad was presumed to know." See, also, *Coullard* v. *Tecumseh Mills*, 151 Mass. 85 (23 N. E. 731); *Buckley* v. *Manufacturing Co.*, 113 N. Y. 540 (21 N. E. 717).

Before instructing the jury, the circuit judge who tried the case called his associates upon the Wayne county bench into consultation, among whom was Judge Frazer, who heard the *Allen-Jakel Case*. After such conference, the circuit judge directed a verdict for the defendants.

I think the judgment should be affirmed.

LONG, J., did not sit.