STERLING *v.* UNION CARBIDE CO.

1. MASTER AND SERVANT—INJURIES TO SERVANT—MINORS—DAN-
GEROUS APPLIANCES.

> Whether the exposed rollers of a corrugating machine were
> dangerous to the life and limb of a child under 16 years of age,
> within Act No. 113, Pub. Acts 1901, § 3, prohibiting the em-
> ployment of a child under 16 years of age in any establish-
> ment whereby its life or limb is endangered, is a question for
> the jury.

2. SAME—VIOLATION OF STATUTE—NEGLIGENCE.

> Under Act No. 113, Pub. Acts 1901, § 3, the employment of a
> child under 16 years of age to operate a machine dangerous
> to life or limb, whereby he is injured, constitutes actionable
> negligence.

3. SAME—PROXIMATE CAUSE.

> The causal connection between the wrongful employment of a
> child under 16 at a dangerous employment and his injury at
> that employment is sufficient to constitute such employment
> the proximate cause of the injury.

4. SAME—ASSUMED RISK.

> A child under 16 years of age, employed to operate a dangerous
> machine in a factory in violation of Act No. 113, Pub. Acts
> 1901, § 3, does not assume the risk of being injured by such
> machine.

5. SAME—CONTRIBUTORY NEGLIGENCE.

> In an action for injuries to a child under 16 years of age, wrong-
> fully employed to operate a dangerous machine in defendant's
> factory, evidence examined, and *held*, to require submission of
> the question of plaintiff's contributory negligence to the jury.

6. DAMAGES—PERSONAL INJURIES—LONGEVITY—EVIDENCE.

> Mortality tables are not conclusive on the expectancy of life,
> and in an action for injuries to a child, evidence that plain-
> tiff's ancestors were long-lived is admissible as bearing on
> plaintiff's expectancy.

Error to Chippewa; Steere, J. Submitted October 18,
1905. (Docket No. 74.) Decided December 15, 1905.

Case by Charles A. Sterling, by next friend, against the Union Carbide Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Warner & Sullivan,* for appellant.

*Chapman & Larmonth,* for appellee.

MONTGOMERY, J.   The plaintiff sues, by his next friend, to recover for injuries suffered while in defendant's employ.   The plaintiff was at the time of receiving the injuries less than 16 years of age, he being at the time 15 years and 11 months old.   The plaintiff had been at work for defendant three days when he received the injury complained of.   At first he was employed cleaning up the floor, later he was set to cutting metal in two, and the last afternoon he was set to work on the notcher and corrugating machine.   Before he had been at work on this machine an hour the injury occurred.   In this last work the plaintiff stood between two machines.   The first was a machine for clipping corners off the sheets of metal which were afterwards put through the corrugating machine. After this was done the sheets were separately taken in the plaintiff's hands and passed through the corrugating machine.   This machine consisted of rollers through which these sheets of metal, about 40 by 22 inches, were passed.   The machine was constantly in motion, operated by a belt which could be thrown off and the machine stopped by means of a lever within reach of the operator's hands.   Plaintiff knew what the lever was for and how to stop the machine.

In the ordinary operation of feeding the metal into the corrugating machine, it was only necessary to push the sheet far enough in to reach the roller, so that the plaintiff's hands would be no nearer to the roller than the width of the sheet metal.   The plaintiff wore canvas gloves. While operating the machines he discovered that the notching machine did not always cut the corners of the sheets

of metal clear off. Occasionally the corner would hang on. When this was noticed by plaintiff, he would, with his fingers, take hold of the corner and separate it from the sheet. While putting one of the sheets through, and when the other edge was 12 to 18 inches from the rollers, plaintiff discovered that one of these corners still adhered to the sheet of metal, and reached over to remove it. His hand was drawn into the rollers and severely injured.

The plaintiff testified that he knew that he was liable to get hurt if his fingers were caught in the rollers, and that he would have known that, if he reached over and grabbed at the iron when it was most through, he would be liable to get his fingers caught, but that he did not have the danger in mind. He also testified that it did not occur to him while at work on the machine that he was in danger of getting hurt, and that, if he had thought that it would drag his fingers in, he certainly wouldn't have tried to pull off the corners. He also testified that he was given no instructions when put to work on the machine. The plaintiff recovered, and the defendant brings error.

The instructions of the learned circuit judge briefly stated embodied three propositions: *First*, that it was a question for the jury as to whether the plaintiff was put to work at employment whereby his life or limb was in danger; *second*, that, if the first proposition should be found in the affirmative, it would follow that the negligence of the defendant was prima facie established; *third*, that the question of plaintiff's contributory negligence was one of fact for the jury.

There can be little doubt that the question of whether these exposed rollers were a danger to the life or limb of a child under 16 years of age was, in the most favorable view, a question of fact for the jury. The statute takes cognizance of the immaturity of judgment of children under 16. It provides (Act No. 113, Pub. Acts 1901, § 3):

"No child under the age of sixteen years shall be employed by any person, firm or corporation, conducting any manufacturing establishment in this State at employment whereby its life or limb is endangered. * * * *"

To construe this statute as designed to protect children from such dangers only as could not be obviated by persons of mature judgment would render it nugatory.

Upon the question of whether the employment of plaintiff at an employment whereby his life or limb was endangered constitutes negligence, there is no direct authority in this State. In *Borck* v. *Nut Works*, 111 Mich. 129, recovery was denied, although the boy was under 14, but it was stated in that case that there was no count in the declaration for negligence in employing the plaintiff. There are, however, numerous cases in this State which declare and apply the well-recognized rule that, where a statute requires an act to be done or abstained from by one person for the benefit of another, an action lies in favor of the latter for a failure to observe the requirements of the statute. *Ferguson* v. *Gies*, 82 Mich. 365 (9 L. R. A. 589); *Ashman* v. *Railroad Co.*, 90 Mich. 567; *Bahel* v. *Manning*, 112 Mich. 24 (36 L. R. A. 523); *Jones* v. *Railroad Co.*, 127 Mich. 208; *Sipes* v. *Michigan Starch Co.*, 137 Mich. 258. See, also, Wharton on Negligence, § 443.

It is insisted by appellant's counsel that the employment of the plaintiff was not the proximate cause of the injury. Whatever view may be entertained under statutes differently worded, we think it entirely clear that the disregard of the inhibition of this statute, by placing the plaintiff at work at an employment where his life or limb was endangered, constituted the negligence or wrong of which plaintiff has the right to complain, and that the causal connection between that wrong and the injury to plaintiff is clear. *Perry* v. *Tozer*, 90 Minn. 431; *Marino* v. *Lehmaier*, 173 N. Y. 530 (61 L. R. A. 811).,

Closely connected with this question is that of assumption of risk. This question we regard as settled by the case of *Sipes* v. *Michigan Starch Co.*, supra. See, also, *Hall* v. *Mill Co.*, 39 Wash. 447.

The question of plaintiff's contributory negligence was properly submitted to the jury. The statute upon which

this action is founded clearly recognizes that a child under 16 years is immature in judgment. It was doubtless with this in view that this statute was enacted. The plaintiff was not instructed, and, when a condition arose calling for prompt action on his part, he acted doubtless hastily, but whether with such judgment as could be expected in a boy of his years, acting without specific instruction, was properly a question for the jury. See *Perry* v. *Tozer*, and *Marino* v. *Lehmaier*, supra. And see, also, *Ertz* v. *Pierson*, 130 Mich. 160; *Allen* v. *Jakel*, 115 Mich. 484.

Error is assigned upon the admission of testimony tending to show that plaintiff's ancestors were long-lived. As we have frequently held, the mortality tables are not conclusive as to the expectancy of life. We are not prepared to say that such testimony as that in this case is not competent as an aid to the jury. *Nelson* v. *Railway Co.*, 104 Mich. 582. Were this more doubtful, the amount of the verdict in this case indicates that defendant was not damaged by the testimony.

The judgment is affirmed.

McALVAY, GRANT, BLAIR, and HOOKER, JJ., concurred.