BRAASCH *v.* MICHIGAN STOVE CO.

1. MASTER AND SERVANT — PERSONAL INJURIES — YOUTHFUL EMPLOYÉ — STATUTE — APPLICATION.

    Whether the employment of a boy under 16 to run an electric freight elevator is within the prohibition of section 3, Act No. 113, Pub. Acts 1901, as endangering life or limb, is a question for the jury.

2. SAME — WARNING AND INSTRUCTING SERVANT.

    In an action by a boy under 16 for injuries received in operating an electric freight elevator, evidence examined, and *held,* that whether he should have had other and further instructions as to the danger incident to his employment, and should have been warned of its dangers, were questions for the jury.

Error to Wayne; Rohnert, J. Submitted February 18, 1907. (Docket No. 11.) Decided March 26, 1907.

Case by Edward A. Braasch, by next friend, against the Michigan Stove Works for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*William Van Dyke* (*James H. Pound,* of counsel), for appellant.

*Bowen, Douglas, Whiting & Murfin,* for appellee.

MOORE, J.   It was the claim of plaintiff, aged 14 years, that he was first employed by the defendant between 7 and 8 a. m., September 27, 1902, at an emery wheel, and 20 minutes later placed at running an electric freight elevator.   He had no papers from his father consenting to his employment.   The superintendent took him to the elevator, told the man in charge to show the boy how to run it.   The man took the boy one round trip; the superintendent then taking the man away and leaving the boy in charge.   It is also claimed the elevator began jerking and jumping; that the boy notified the man formerly in charge; that two men were sent to fix the elevator, and one, the electrician, told the boy to go on running it while it was being fixed; that the boy, complying, responded to a bell from the fifth floor—this was between 10 and 11 o'clock a. m.—that the elevator jerked up and down five or six inches, five or six times, throwing the boy forward, overbalancing him, while he, trying to get the cable and stop the elevator, had his hands lacerated by the cable, and all the toes of his foot torn off by being pinched between the floor of the elevator and the floor of the building, the elevator shaft not being wainscoted or othetwise shielded.   It is further claimed the boy was neither warned nor instructed.   No proof was offered by the defendant.   The court directed a verdict for the defendant. The case is brought here by writ of error.

Plaintiff claims (1) that employing a child contrary to section 3, Act No. 113, Pub. Acts 1901, to run an electric freight elevator, work dangerous to life and limb for a fourteen-year old child, is actionable; (2) to do so is in violation of the provisions of sections 5342–5346, 2 Comp. Laws as the father was unwilling to have his boy work at such employment; (3) that the boy should have been warned.

The case of *Sterling* v. *Union Carbide Co.*, 142 Mich. 284, is authority for the proposition that this case should have been left to the jury to say whether it was within the provisions of section 3, Act No. 113, Pub. Acts 1901.

*Allen* v. *Jakel*, 115 Mich. 484, is authority for the proposition that the case should have been submitted to the jury for them to say whether the boy should have had other and further instruction as to the danger incident to his employment, and should have been warned of its dangers. These cases are so recent we shall content ourselves with simply citing them.

Judgment is reversed, and new trial ordered.

McALVAY, C. J., and CARPENTER, OSTRANDER, and HOOKER, JJ., concurred.