### GROUT v. RUSKIN.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1913.)

No. 2,332.

LANDLORD AND TENANT (§ 167*)—FIRE ESCAPES—DUTY TO FURNISH—GUEST OF SUBTENANT—DEATH—LANDLORD'S LIABILITY—STATE STATUTES—CONSTRUCTION—SHOPS AND FACTORIES.

Rev. St. Ohio 1880, § 2573, makes it the duty of every owner of a tenement house more than two stories high to provide a convenient exit from the different upper stories, which shall be easily accessible in case of fire. By Act April 4, 1884 (81 Ohio Laws, p. 106), and Act April 18, 1893 (90 Ohio Laws, p. 190), other sections were added, providing that the term "shops and factories," as used in sections 2573b and 2573c, providing for factory inspection, etc., shall include tenement and apartment houses, and if it is found on inspection, under section 2573c, that the means of egress in case of fire are not sufficient, or any other improvement is necessary for the safety of employés or persons occupying such shops and factories, such changes or additions being of a permanent and fixed character, the owner of the building shall be required by the state inspector on notice and under penalties to provide them and construct necessary fire escapes. Section 2573b confers on the inspector the right of entry in the shops and factories at any reasonable time, and proof of the failure

———————————————————————————————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the proprietor to make the alteration ordered by the inspector shall be deemed prima facie evidence of negligence, and shall render such proprietor liable for any injury sustained by reason of such failure to make alterations. Section 2573c declares that the inspectors, if they find the means of egress in case of fire insufficient, shall notify the owners to make the alterations and additions necessary without delay, and, if they do not, they shall be guilty of a misdemeanor. *Held,* that such amendment was only applicable to a tenement house more than two stories high, within section 2573, in case of the owner's failure to comply with an order of the inspector, and section 2573 having been held by the state court not to apply to an owner of a tenement house who was not in possession and control thereof, defendant having rented the upper floors of a building more than two stories high to a lessee without restriction, and the latter having contracted to make alterations, defendant, not having been notified by the factory inspector to construct fire escapes, was not liable for the death of a guest of a subtenant, who died as the result of injuries sustained by the burning of the building, because defendant had failed to construct proper fire escapes.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 668–674, 676–679; Dec. Dig. § 167.*]

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; Howard C. Hollister, Judge.

Action by Carrie Grout, administratrix of the estate of William Grout, deceased, against Moses Ruskin. Judgment for defendant, and plaintiff brings error. Affirmed.

Littleford, James & Ballard and Frost & Foster, all of Cincinnati, Ohio, and Hubbard Schwartz, of Newport, Ky., for plaintiff in error.

J. L. Kohl and Scott Bonham, both of Cincinnati, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. This was an action for the death of plaintiff's intestate, alleged to have been caused by the failure of the owner of a building to provide suitable fire escapes. The building, which is four stories in height and located on Third street, Cincinnati, was partially burned. At the time of the fire the first floor was vacant and in possession of the owner, Ruskin; but the upper three floors were under lease to one Wilson, and were with the knowledge of the lessor occupied as a tenement house. The deceased, an invited guest of one of the subtenants, was so badly burned that he died December 14, 1909. A demurrer to the second defense of the answer was sustained below, and final judgment entered for defendant. It was in substance averred in that defense that Ruskin, by written lease, had demised the upper three stories to Wilson for three years, commencing July 1, 1908, and ending July 1, 1911; that Wilson was at his own expense to make the necessary inside repairs; that the lease contained no covenant prohibiting Wilson from assigning the lease or underletting the premises, or requiring him to use them for any particular purpose; that at the date of the fire Wilson was in possession and control of the floors so leased.

---

The question is whether under the laws of Ohio a duty was imposed upon the lessor to provide, as respects dangers from fire, reasonably safe means of egress for tenants of his lessee or their guests. The Supreme Court of Ohio long ago decided that no such duty existed. Lee v. Smith, 42 Ohio St. 458. 51 Am. Rep. 839, held:

"Section 2573 * * * does not impose upon any owner in fee of a building more than two stories high the duty to provide a convenient exit from the different upper stories of said buildings when such owner is not in possession or control thereof, although his tenant in possession and control of the building may use the same as a factory or workshop."

That case involved the construction of section 2573 of the Revised Statutes of Ohio (1880), as amended April 19, 1883 (80 Ohio Laws, p. 188); and the decision must rule the instant case, unless through subsequent legislation it has become inapplicable. In April, 1884, section 2573 was supplemented by three sections, 2573a, 2573b, and 2573c (81 Ohio Laws, p. 106); In March, 1891, section 2573 was further supplemented by section 2573d (88 O. L. 64); and this latter section, as amended in March, 1892, and again in April, 1893 (90 O. L. 190), was in force at the time of this fire, and in material part is given in the margin.[1] Sections 2573b and 2573c, referred to in section 2573d, also in necessary parts appear in the margin.[2] Our attention has not been called to any decision of the Supreme Court of Ohio, and we have not discovered any, construing section 2573 in connection with these supplemental sections. Presumably the Legislature enacted the supplemental statutes with knowledge of the construction that had been placed upon section 2573 by the decision in Lee v. Smith, and it

[1] Section 2573d: "The terms 'shops and factories,' as used in sections 2573b and 2573c of the Revised Statutes, shall be held to include the following: * * * Tenement and apartment houses; and in case it is found on inspection under 2573c that the means of egress in case of fire * * * is not sufficient in any shop or factory, as defined herein, * * * or any other improvements necessary for * * * the safety of employés or persons occupying such shops and factories, such changes or additions being of a permanent and fixed character, and which, after provided, become a permanent fixture and the property of the owner * * * of the building, * * * the owner of such building shall be required by the state inspector, upon the notice and under the penalties of said section 2573c, to provide the necessary fire escapes or other changes and additions." 2 Bates' R. S. O. [6th Ed.], where it is numbered section 4238k; also 1 Ohio General Code, §§ 1000 and 1002.

[2] Section 2573b enacts that the "inspector shall have entry into all shops and factories * * * at any reasonable time * * * and proof of the failure of the proprietor * * * to make the alteration * * * ordered by the inspector * * * shall be deemed prima facie evidence of negligence and shall render such proprietor liable for any injury sustained by reason of such failure to make such alterations. * * *" 2 Bates' R. S. O., appearing as section 4238e.

Section 2573c: "That said inspectors, if they find upon such inspection * * * that the means of egress in case of fire * * * is not sufficient, * * * shall notify the owners * * * of such shops or factories * * * to make the alterations or additions necessary without delay * * * and if such alterations are not made within the limit of time granted, such owners * * * so notified, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined. * * *" 2 Bates' R. S. O., appearing as section 4238f.

is significant that no change was made in the language of that section. It is still more important to observe that as late as April, 1908, section 2573 was amended without referring to such supplemental legislation or otherwise changing the section in any respect that is material here (99 O. L. 83). While it is plain that supplemental legislation might operate to change the effect of the act supplemented (Tiger v. Western Investment Co., 221 U. S. 286, 309, 31 Sup. Ct. 578, 55 L. Ed. 738), yet after much examination and reflection we are constrained to believe that in this instance no such change has been wrought as will aid the plaintiff. The construction placed upon section 2573 in Lee v. Smith, made "possession and control" of the building the test of liability. Wilson alone, not Ruskin, can, under the demurrer in the present case, be treated as having been in possession and control of the upper stories of the building at the time of the fire.

When we turn to the supplemental legislation, before set out, we find that a lessor owner can be reached only through a system of inspection, requiring notice and an order to make the necessary alteration or addition, and then only in case it shall be "of a permanent and fixed character," and when completed "the property" of the owner of the building. Failure to comply with such order of the inspector is "deemed prima facie evidence of negligence" of the owner, rendering him liable for consequent injuries. The apparent purpose of such inspection, notice, and order was to have the character of the alteration or addition inquired into and determined in advance; that is, if it be of a temporary character, it might well be entirely reasonable to impose the expense upon the lessee, depending, of course, upon the length of his term of lease, while if it be of a permanent character it would be equally just to impose it upon the lessor owner. Thus, at least as respects means of escape from fire, the distinction between the duty as imposed by section 2573 and as imposed by the supplemental legislation is that under the former the duty operates by force of the statute, directly upon the person who is in possession and control of the premises, or portions thereof, which constitute the "factory, workshop, tenement house," etc., mentioned in the section, no matter whether he be the fee-simple owner or the tenant owner; while under the latter no duty exists, either as against such owner or tenant, unless and until an inspector's notice is given and order made, and then it arises against such owner or tenant according to the nature of the improvement required. This distinction is made clear, so far as it rests on section 2573, by the opinion of Judge McIlvaine in Lee v. Smith, supra, and of Judge Spear, in Rose v. King, 49 Ohio St. 213, 30 N. E. 267, 15 L. R. A. 160.

In view of the argument made in behalf of the plaintiff in the instant case, it is important to note that in the latter case the duty so enjoined by section 2573 was regarded as binding upon the owner, Rose, even though the mayor failed to give the notice provided for in section 2574; but this was because the owner was also in possession and control. This marks the distinction between that case and the one at the bar. The existence or not of an owner's duty under the supplemental legislation is, as we have seen, dependent upon an

inspector's notice and order; and this method of indirectly imposing duty is the reason why this supplemental legislation cannot operate to change the plain and established meaning of section 2573. The absence of allegation, as here, that such notice and order were given, is fatal to the right of recovery in an action like this. Borck v. Michigan Bolt & Nut Works, 111 Mich. 129, 133, 69 N. W. 254; Monforton v. Pressed Brick Co., 113 Mich. 39, 43, 71 N. W. 586. See, also, Henderson's Adm'r v. Ruskin, recently decided by the Court of Appeals, First Ohio Circuit, and not yet reported.

The judgment below is affirmed, with costs.

