## EMMA PARKHURST v. EDWARD E. JOHNSON.

*Negligence—Failure to notify employee of unusual risks.*

The proprietor of a lime-kiln was in the habit of having the stone removed from the base of the kiln, as it was burned, and of pushing the mass, wedged into the crater above, down into the emptied space. When the mass gave way those who were upon it and crowding it down would step back to the margin of the crater to escape going down with it. The proprietor had an inexperienced laborer helping him at this work when an unusually large quantity of burned stone had been removed, and he did not warn him of the danger. When the mass dropped the workman fell with it and was burned to death. *Held* that his employer was liable for causing his death by negligence.

Error to Saginaw. (C. H. Gage, J.) Jan 10.—Jan. 18.

CASE. Defendant brings error. Affirmed.

*L. C. Holden* and *W. R. Kendrick* for appellant.

*Michael Brennan* and *Wisner & Draper* for appellee,

cited as analogous cases in which the master was held liable for injuries resulting to his servant through the master's negligence: *Swoboda v. Ward* 40 Mich. 420; *Fairbank v. Haentzsche* 73 Ill. 236; *Strahlendorf v. Rosenthal* 30 Wis. 674; *Patterson v. Pittsburg &c. R. R.* 76 Penn. St. 389; *Coombs v. New Bedford Cordage Co.* 102 Mass. 582; *Connolly v. Poillon* 41 Barb. 366; *O'Connor v. Adams* 120 Mass. 427; *Hill v. Gust* 55 Ind. 45; *Snow v. Housatonic R. R. Co.* 8 Allen 441.

Cooley, J. The plaintiff, as administrator of her deceased husband Daniel Parkhurst, brings suit against Johnson for causing the death of her husband by negligence. She recovered judgment in the circuit court, and the principal question on this record is, whether there was any evidence of negligence on the part of defendant to go to the jury.

The principal facts in the case are these: Johnson, in the fall of 1880, was proprietor of a lime kiln in East Saginaw, which he was then operating. It was customary, when the stone at the base of the kiln was sufficiently burned, to take it out. When this was done the insufficiently burned stone above did not fall into the cleared space but was retained by lateral pressure. To force it down men either stood on the curb at the top of the kiln and pounded upon it with heavy iron bars, or they got upon the stone with their implements and worked upon it until it fell. The fall would be in proportion to the quantity which had been taken out below, and might be one foot, or four or even more. As the stone below would be hot, it would be necessary that the men standing upon the stone when it fell should immediately step off. As the falling would begin from the underside, they commonly had sufficient warning in the sound, and could easily step upon the curbing in time to escape danger.

Daniel Parkhurst was a common laborer, and had seen very little of lime burning. It was not shown that he had any experience which would make him acquainted with its dangers. Johnson hired him, and took him upon the stone with himself and an experienced hand to assist in pounding

the stone down. Two draws had been taken out from beneath. This was an unusual quantity, and the probability that the fall would be considerable was increased in proportion. It does not appear that Johnson apprised Parkhurst of this fact, or that he gave him any warning whatever. In going upon the stone Johnson had the danger in mind, and looked to see where he would step off when the fall came, but it does not appear that Parkhurst was anticipating danger or preparing for it. The three men worked at the stone for a time when it suddenly fell to the depth of from four to six feet. Johnson and the experienced workman stepped off, but Parkhurst fell with the stone, and it was impossible to extricate him alive.

The circuit judge thought there was some evidence of negligence on the part of Johnson in these facts, and we agree with him. He took an inexperienced man into a place of danger without apprising him of the risks, and without any warning that danger was to be anticipated. It is true the workmen in the business testify that they do not consider it dangerous, and probably it is not when one fully understands it; but this man did not fully understand it and the danger and loss of life came to him in consequence. The negligence consisted mainly in not informing him. *Coombs v. New Bedford Cordage Co.* 102 Mass. 585; *Smith v. Oxford Iron Co.* 42 N. J. 467; *Baker v. Allegheny Valley R. R. Co.* 95 Penn. St. 211; *Swoboda v. Ward* 40 Mich. 420.

We have given above the result of the evidence upon our minds, and do not deem it important to present it in detail here. The case was fairly submitted to the jury, and the judgment must be affirmed with costs.

The other Justices concurred.