JAMES HONLAHAN by his next friend *vs.* THE NEW AMERICAN FILE COMPANY.

A boy eleven years of age, while placing files to dry on some steam pipes, was injured by falling into a tank. In an action against his employer to recover compensation for the injury received, the defendant requested the presiding justice to instruct the jury " that if the boss told the boy to put his files on the steam pipes at another place and not to get on the tank, and the boy disobeyed the order, by reason of which the accident happened, the jury should find for the defendant." The justice gave this instruction, with the qualification, " if the warning or direction was such as to give notice of the danger."

*Held*, the instruction as given was correct.

DEFENDANT'S petition for a new trial.

*July* 26, 1890. STINESS, J. The plaintiff, a minor then eleven years of age, was employed by the defendant in its manufacturing establishment, and while so employed sustained the injury on account of which he brings this suit. His work was to place files to dry upon steam pipes, which were over or near a tank used for heating paste. The tank, when not in use, was covered by a board. While the plaintiff was at work, by the turning of the board when he stepped upon it, or by accidentally knocking it away, his foot went down into the tank and he was scalded. After verdict in his favor, the defendant petitions for a new trial upon the ground of erroneous rulings. The defendant requested the court to rule that the employment of a child under twelve years of age in a manufacturing establishment, being prohibited by statute, is illegal ; and consequently the plaintiff cannot recover, because there could be no relation of

master and servant between the parties, and no duty owed by the defendant, as master, to the plaintiff. This request was based upon Pub. Stat. R. I. cap. 169, § 21, which prohibited the employment of a child under twelve years of age in a manufacturing establishment. In view of the frequent changes in statutes, it is perhaps not strange that it escaped the notice of the counsel for the defendant that this section was expressly repealed by Pub. Laws R. I. cap. 363, § 18, of April 12, 1883. This last chapter was also repealed by Pub. Laws R. I. cap. 649, of May 6, 1887, which provides, § 5, that no child under ten years of age shall be employed in any manufacturing, mechanical, or mercantile establishment, or by any telegraph or telephone company, in this State, during the time that the public schools of the town or city in which the child may reside are in session. In this case, the child being eleven years of age, the employment was not prohibited by the existing law.

The defendant also requested the court to instruct the jury that if the boss told the boy to put his files on the steam pipe at another place and not to get on the tank, and the boy disobeyed the order, by reason of which the accident happened, the jury should find a verdict for the defendant. The court allowed this request, with the qualification that the warning or direction must have been such as to give notice of the danger. The defendant excepted to the qualification. We think the instruction as given was correct. The master's duty to provide a suitable place for work may be modified by a sufficient warning of danger, so that, after it, an employee will be held to assume the risks of which he knows, and to which his attention has been directed. It may also be modified, in some cases, by a disobedience of orders on the part of a workman. But this duty, in the case of children, is always to be considered with reference to their years and understanding. It is not to be expected that a child of eleven years will bear in mind and always follow a mere direction to put his work in one place, when he knows no reason why he may not put it in another place, near by, as well. Common experience teaches us not to look for such implicit obedience to orders from him as may be required from adults. The direction to a child, therefore, must be accompanied with such explanation of danger as to enable him to understand it. In the thoroughly considered case of *Coombs* v. *New Bedford*

*Cordage Co.* 102 Mass. 572, 596, Judge Gray says : " The notice which the defendants were bound to give the plaintiff of the nature of the risks incident to the service which he undertook must be such as to enable a person of his youth and inexperience in the business intelligently to appreciate the nature of the danger attending its performance.   The question, indeed, on this branch of the case, is not of due care on the part of the plaintiff, but whether the cause of the injury was one of which he knowingly assumed the risk, or one of which, by reason of his incapacity to understand and appreciate its dangerous character, or the neglect of the defendants to take due precautions to effectually inform him thereof, the defendants were bound to indemnify him against the consequences. . . . The obligation of the defendants would not necessarily be discharged by merely informing the boy that the employment itself, or a particular place or machine in the building or room in which he was set to work, was dangerous.   Mere information in advance that the service generally, or a particular thing connected with it, was dangerous, might give him no adequate notice or understanding of the kind and degree of the danger which would necessarily attend the actual performance of his work."

See, also, *Sullivan* v. *India Manufacturing Co.* 113 Mass. 396 ; *Parkhurst* v. *Johnson*, 50 Mich. 70.

The defendant's petition for a new trial must be denied.

*Petition dismissed.*

*Hugh J. Carroll & Thomas J. McParlin*, for plaintiff.

*Nicholas Van Slyck & Cyrus M. Van Slyck*, for defendant.