Oscar M. Johnson v. Horatio N. Hovey and John B. McCracken.

| 98 | 343 |
| 126 | 662 |
| 98 | 343 |
| 127 | 316 |

*Master and servant—Injury to employé—Evidence—Contributory negligence.*

1. The opinion of a plaintiff in a negligence case, not based upon any knowledge of facts testified to by himself or any one else, as to the cause of a saw failing to operate in the usual manner, whereby the injury complained of is claimed to have been received, cannot be received as evidence of the fact sought to be proved, or as evidence tending in any degree to establish it.

2. The Court find that there is no evidence to sustain the claim of negligence on the part of the defendants, and that the testimony shows conclusively that the plaintiff was guilty of contributory negligence, and that the court should have directed a verdict in favor of the defendants.

. Error to Muskegon. (Dickerman, J.) Argued November 24, 1893. Decided January 5, 1894.

Negligence case. Defendants bring error. Reversed. The facts are stated in the opinion.

*Bunker & . Carpenter,* for appellants.

*Turner, Turner & Turner (Brown & Lovelace,* of counsel), for plaintiff, contended:

1. The duty devolved upon the defendants to show that they followed such a course as the understood rules of mechanics rendered safe according to ordinary probabilities; citing *Marshall v. Furniture Co.,* 67 Mich. 167.

2. The plaintiff was entitled to give his opinion whether or not the counterbalance was improperly weighted, and the jury were entitled to give said opinion such weight as they might think it deserved, and no objection was made at the time; citing *Geveke v. Railroad Co.,* 57 Mich. 589.

3. While it is true that the negligence should be proved affirmatively, it frequently happens that the negligence of the defendant is established by inference from facts proven; citing *Alpern v. Churchill,* 53 Mich. 607; *Field v. Railroad Co.,* 32 N. Y. 339.

LONG, J. Plaintiff had his hand injured by coming in . contact with what is called a "peep saw" in defendants' mill, and brings this action for damages, claiming that his injuries resulted from the negligence of the defendants.

The defendants were operating a steam saw-mill, and among other machinery used therein was a train of live rollers, used in carrying slabs, edgings, timber, and lumber from the main saw to the front of the mill. About the center of this train of rollers was a small circular saw, set laterally across the train of rollers, and used for sawing in : two the planks, slabs, timber, and lumber which were of , unusual length. When the mill was in operation this saw , revolved at a high rate of speed. When not in use it was

hidden below the train of rollers. There was a planking between the rollers, and when the saw was needed for use it was raised by a foot lever above the level of the rollers through an aperture in the planking. This saw was counterbalanced by a weighted box fastened to the frame of the saw beneath the floor of the mill. The saw frame was carried up and down in slides or ways. The saw was brought up for use by placing the foot upon a peg which was above the level of the floor. On removing the foot from the peg, the saw frame slid down in the ways, carrying the saw down the slides just below the level of the rollers.

The only allegations of negligence in the declaration which are at all specific are that the counterbalance was too heavily weighted, and that the saw frame and ways had been allowed to become warped, dirty, gummed, and clogged; and of these acts of negligence the overweighting of the counterbalance is the act which it is claimed caused the accident.

The plaintiff, on the trial, testified to the manner in which the injury occurred, and claimed that while in the discharge of his duties, and as a slab was being carried along over the live rollers, the rounding side of the slab being down, he reached his hand under it, to turn it over, so that it would be more readily carried off by the rollers, and while attempting so to turn it it moved along, carrying his hand directly over the saw, which he supposed had been carried back by the counterbalance, but which in fact projected a little above the planking, so that his hand came in contact with it, and was injured.

The case was tried before a jury, who returned a verdict in favor of plaintiff.

It is contended by defendants' counsel:

1. That there was no evidence in the case showing or tending to show that the counterbalance was too heavy.

2. That there was no evidence that the frame or ways were warped.

3. That there was no evidence that defendants allowed the frame or ways to become dirty, gummed, and clogged.

4. That there was no evidence that the ways and machinery were not constructed of safe, sound, and strong material.

5. That the plaintiff's own testimony shows that he was guilty of contributory negligence.

1. The plaintiff was examined fully upon the question whether the counterbalance was too heavy. On his direct examination he said that he did not know why the saw did not go down, but he believed or guessed the weight was too heavy. He was asked why he guessed it was too heavy, and said:

" Because, if the weight were not too heavy, the saw would have to go down."

Again he said:

" I don't know exactly what made the saw stop and stand above the table, but I believe the slide was too tight."

Again he said:

" I don't know what prevented it dropping clear back. I don't know whether the weight was too heavy or not."

He testified that the saw worked all right that morning before the accident.

The defendants called the millwright and mechanical engineer as witnesses, both of whom testified positively that the weight was not too heavy, and that the saw was properly balanced. They also stated that " if the counterbalance were too heavy the saw would stay up all the time, and would not go down."

The court was asked to charge the jury that—

" Negligence cannot be shown by the statement of one who has no personal knowledge of it; therefore the testimony of the plaintiff when he says that he guesses that the counterbalance was too heavily weighted is of no value as testimony, and should not be considered by you."

The court was in error in refusing to give this request. Plaintiff's opinion, beliefs, or guesses, under the circumstances here shown, cannot be regarded as evidence to establish the fact sought to be proved, or as tending in any degree to establish it. The opinion is not based upon any knowledge of facts testified to by himself or any one else. It was shown that the weights were never changed, and the saw always fell back, except when prevented by dust or some other substance which clogged up the slides or the place through which the saw worked, or by the slipping off of the belt. It frequently ran for days without trouble, going back to place when the foot was removed from the peg. It is a self-evident proposition—a proposition which no process of reasoning or testimony could make plainer—that if the counterbalance carried the saw back at one time, and there was no change in the condition of things, it would carry it back at all times. The testimony showed that the slot through which the saw came up was much larger than the saw, and through which the dirt and sawdust were likely to fall; that the slides received some of the dirt and dust when the saw was in use, and that these were some of the causes which prevented the saw from falling back; but it cannot be said that the opinion expressed by the plaintiff that the counterbalance was too heavy was any evidence of the fact that it was too heavy, or that it was evidence from which the jury had a right to find the defendants guilty of negligence in overweighting it. *Lemon v. Railway Co.*, 59 Mich. 618.

2. There is no evidence whatever that the frames or ways were warped, or that they were not constructed of safe, sound, and strong material.

3. There is no evidence to sustain the claim of the defendants' negligence. It appeared that the plaintiff had worked at this table and operated this saw from the time

the mill started in the spring until the time of the accident, in October, 1891. He had had trouble with it, principally because of the running off of the belt, which he would go below and put on. At other times it would not drop down. He spoke to the millwright about it, and was told to clean the dirt off the table, and keep it clean. Plaintiff claims to have done this several times a day. He had control of the saw. No one else operated it. If it got dirty, he was directed to clean it, and from his position there it is apparent that it was his duty to do this. The case is wholly barren of any testimony showing that the defendants were guilty of negligence in not keeping this saw and its frame and slides free from dust and dirt. The plaintiff was directed to do this himself, and if he neglected this duty he cannot be heard to say that it was the defendants' duty to do it.

4. It is claimed that the testimony shows conclusively that the plaintiff was guilty of contributory negligence. His testimony shows that the saw did not drop back at all times after its use. This was of frequent occurrence all summer. At times it was clogged up by bark and dust falling through the slot; and at other times, he claims, he did not know what was the reason of it. On the week before the accident it did not fall back readily, and he was told to clean the table. This he did at different times. He could always see the saw when it stood up above the table. On the morning of the accident the saw had worked well up to that time. Without looking to see whether the saw had gone down, he took hold of a slab, putting his hand beneath it to turn it over, and, the slab moving along, his hand was carried over the saw, and injured. It is evident that if he had looked he could have seen the saw, for he says that after he was hurt he looked, and the saw was just a little above the table. He was careless in thus putting his hand over the saw.

The court should have directed the verdict in favor of the defendants. In this view of the case, it is unnecessary to consider the other questions raised.

Judgment is reversed, and new trial ordered.

McGRATH, C. J., GRANT and HOOKER, JJ., concurred. MONTGOMERY, J., did not sit.