JOSEPH TORONGO v. ALEXIS M. SALLIOTTE AND WILLIAM FERGUSON.

*Master and servant—Defective machinery—Pleading—Contributory negligence.*

1. A declaration in a negligence case which alleges neither the exercise of due care on the part of the plaintiff nor negligence on the part of the defendant is fatally defective.

2. Where it is dangerous to remove the refuse accumulating around a lath machine while the saw is in motion, and the operator can stop the saw, due care requires that he should do so, and he is guilty of negligence if he fails to exercise such care.

Error to Wayne. (Reilly, J.) Submitted on briefs January 5, 1894. Decided February 12, 1894.

Negligence case. Plaintiff brings error. Judgment sus-

taining demurrer affirmed.    The facts are stated in the opinion.

*Atkinson, Coomer & Wiest,* for appellant.

*Barbour & Rexford,* for defendants.

GRANT, J.   The declaration contains a single count, the material part of which reads as follows:

"The defendants conducted and operated a certain sawmill and lath mill, and in the prosecution of such business they required help to run their lath machine, and induced this plaintiff to operate such lath machine for them, and represented the same safe, and of proper construction to be operated by this plaintiff with safety; and plaintiff did, in pursuance of such representations, undertake and operate such lath machine.

"And whereas, it was the duty of the defendants to furnish and maintain, for the purpose aforesaid, reasonably safe machinery, and have the same properly constructed and protected, yet the defendants, disregarding their duty in the premises, did not provide and maintain the said lath machine or saw in a reasonably safe and properly constructed and protected condition, in that no pit had been provided for the refuse from the saws of the machine, and no carrier had been provided to remove the sawdust and other refuse.   And it being necessary, in order to run such machinery, that the shavings and other refuse matter should be removed from under the saw of the lath machine, the plaintiff, acting under the orders and at the request of the defendants, and supposing that the same could be done with safety to himself, on the day and year aforesaid, undertook to remove from under such lath machine sawdust and other debris that obstructed the running of said machine, and while so working, without negligence on his part, and solely on account of the neglect and failure of defendants to properly construct and keep the space under said machine so that it could safely be cleaned out, was caught by said machine, and his hand cut, bruised, and mutilated."

The defendants demurred that the declaration does not state a cause of action.   The demurrer was sustained.

The declaration is fatally defective.   It does not allege

that it was customary or necessary to provide a pit for the reception of the refuse and sawdust, or a carrier to take it away; or how it was necessary to protect the saw so as to render it safe to remove the debris from underneath; or that plaintiff could not stop the saw to remove it; or that he was in the exercise of due care; or that it was unsafe, by the exercise of proper care, to remove the sawdust and refuse while the saw was in motion; or that he was inexperienced; or how long he had been engaged in this work for defendants; or that he had ever called the attention of defendants to its unsafe condition; or that defendants had failed to instruct him in its use. In brief, it alleges neither the exercise of due care on his part nor negligence on the part of the defendants. The danger was apparent, and one of which he voluntarily assumed the risk. If he could have stopped the saw, and it was dangerous to remove the refuse while it was in motion, due care would have required him to do so, and a failure to take this precaution would have been contributory negligence.

Judgment affirmed.

The other Justices concurred.