## KOLODZIEJSKI v. SEESTADT.

1. MASTER AND SERVANT — INJURIES TO SERVANT — FAILURE TO
   INSTRUCT—QUESTION FOR JURY.

   Where a boy of 14 years of age, was injured by having his hand
   drawn between the rolls of a sanding machine while he was
   endeavoring, at the command of the operator, to straighten
   some material going through the machine, whether his em-
   ployer was negligent in failing to instruct and warn him
   against the danger of putting his hand between the rolls,
   *held*, a question for the jury.[1]

2. SAVING QUESTIONS FOR REVIEW—PLEADING—VARIANCE.

   An objection to evidence as " irrelevant, immaterial, and in-
   competent under the pleadings," does not sufficiently raise
   the question of a variance between the declaration and
   proof.

Error to Wayne; Hosmer, J. Submitted October 4,
1905. (Docket No. 4.) Decided February 26, 1906.

Case by Joseph Kolodziejski, by next friend, against
Herman F. Seestadt, Henry Seestadt, Charles Seestadt,
and Otto Seestadt, copartners as Seestadt Brothers Manu-
facturing Company, for personal injuries. There was
judgment for plaintiff, and defendants bring error. Af-
firmed.

*Edward M. Vining* and *Lehmann & Riggs*, for appel-
lants.

*Dohany & Dohany*, for appellee.

HOOKER, J. The plaintiff was injured while in de-
fendants' employ, engaged in removing table tops from a
sanding machine. The injury was the result of an en-
deavor to straighten some material that was going through
the sander; his hand getting between the rolls. He
was about 14 years old, and was endeavoring to straighten

---

[1] As to duty of master to warn or instruct servant, see note to
*James* v. *Rapides Lumber Co.* (La. Ann.), 44 L. R. A. 33.

the material at the command of the operator of the machine, who stood opposite to him. He had done it a few times before. The only negligence relied upon is a failure to sufficiently instruct and warn the plaintiff against the danger of putting his hand between the rolls. The defendants offered no testimony, and we suppose that a verdict and judgment were rendered for the plaintiff. These should be, but are not, shown by the record, so far as we have been able to ascertain.

This was a simple machine, consisting of a table with four sets of double rollers, between which the lumber passed, being drawn forward toward the plaintiff's end of the machine by the rollers when in motion. Between the lower rollers were the sanding drums, which revolved rapidly. Above them were some loose rollers, which served to press the lumber down upon the sanding drums; said loose rollers being thereby caused to turn. When this machine was not in use, its construction was plainly to be seen and easily understood, and it must be admitted that a boy of 14 may be expected to know and think of the danger of getting his hands between such rollers; and, unless we can say that the case is within the principle of *Allen* v. *Jakel,* 115 Mich. 484, we can see no reason for sustaining his judgment. The case is very similar in its facts to *Allen* v. *Jakel;* about the only difference being that in that case a girl, and in this a boy, was hurt. It may be that this should be sufficient to justify the refusal to apply the rule in that case, for usually a boy's habits of life give him a greater knowledge and better understanding of mechanics than a girl of the same age usually has. Perhaps a jury should say that it was unnecessary to warn him, because he should be supposed to know all that the warning could impart. We think, however, that the question should be left to a jury, as in the *Allen Case.* This was a young boy. It appears that he was expected to assist in straightening material in the machine. He would be expected to obey the command of his older fellow workman. There may have been a very

dangerous method, and one comparatively safe. We cannot say, therefore, that it was error to leave to the jury the responsibility of determining whether the employer was derelict in omitting to instruct and warn him. If he had been instructed, or if he knew the dangers and the proper method of doing his work, without instruction, the jury should not have given him a verdict under the charge. See, also, *Ertz* v. *Pierson*, 130 Mich. 162.

It is claimed that there is a fatal variance between the declaration and the proof, for the reason that the former alleged an injury to plaintiff's right hand, and the testimony conclusively proved that it was the left hand that was injured. This variance was not called to the attention of the court below; the proof being objected to as "irrelevant, immaterial, and incompetent under the pleadings in the case." This did not apprise the court of this claim. Had it done so, he should, and doubtless would, have permitted an amendment. The case had been tried once, and defendants cannot have been surprised by the proof. We have said that counsel should make clear the grounds of their objections, and that such general language as was used in this objection does not do it, and will not suffice as a ground of reversal, where the proceedings justify the conclusion that it was not understood by the court.

Error is assigned upon the failure of the court to give several of defendants' requests to charge. Examination of the charge as given satisfies us that every proper request was covered, and that the charge would not have been improved by substituting the requests.

Finally, we are asked to reverse this cause, upon the ground of the smallness of the verdict, which is said to clearly indicate a compromised verdict. We cannot say this.

The judgment is affirmed.

CARPENTER, C. J., and GRANT, MONTGOMERY, and MOORE, JJ., concurred.