VAN WYCK v. DICKINSON.

1. MASTER AND SERVANT—PERSONAL INJURIES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

In an action by a boy of 15 for injuries caused by his getting caught in the gearing of a printing press, upon which he was employed, while stooping to pick up some sheets which had fallen to the floor, evidence as to the condition of the machine, and of plaintiff's knowledge as to the dangers of working thereon, examined, and *held*, that a verdict was properly directed for defendant.

2. SAME—EMPLOYMENT OF MINORS—STATUTE—DECLARATION—SUFFICIENCY.

Where the employment of a child in violation of the statute

(Act No. 113, Pub. Acts 1901) is relied upon as negligence justifying a recovery for injuries to the child, the declaration must aver facts from which an employment prohibited by the statute appears.[1]

Error to Kent; Wolcott, J.   Submitted April 8, 1907. (Docket No. 24.)   Decided May 18, 1907.

Case by Le Roy Van Wyck, by next friend, against Albert G. Dickinson for personal injuries.   There was judgment for defendant on a verdict directed by the court, and plaintiff brings error.   Affirmed.

Defendant carries on the business of printing and engraving in the city of Grand Rapids, using printing presses of various kinds and electricity for motive power. Plaintiff, a lad of 15 years of age, was employed in the establishment, and on February 5, 1906, was feeding a Peerless press, when several of the sheets of paper, which were yellow slips to be used for advertising purposes, fell to the floor, and, in picking them up, the sleeve of plaintiff's shirt, which was rolled up, was in some manner caught in the machinery, and he was injured.   Upon the right-hand side of the press and a part of it were two gear wheels, intermeshing, the smaller one held to the shaft by a pin or key with a small head, inserted next to and parallel with the shaft, acting as a wedge.   The declaration avers the duty of defendant:

"To see that all keys or steel or iron wedges, used as aforesaid, to keep and fasten said wheels upon the iron shafts of said printing presses in their proper places and so driven in on said shafts as not to stick out over and beyond the ends of said shaft so as to catch into the clothing of the employés and servants of said defendant in using said machines.   Yet plaintiff avers that the said defendant, disregarding his duty in this behalf, negligently, carelessly, and insecurely used a certain iron or steel

[1] For employment of child in violation of statute as negligence, see note to *Rolin* v. *R. J. Reynolds Tobacco Co.* (N. C.), 7 L. R. A. (N. S.) 335.

wedge or key upon one of said printing presses in use by him as aforesaid, and permitted said key to stick out beyond and over the end of a certain shaft upon which there was fastened a certain small cogwheel, which run and operated into another and much larger cogwheel, upon one of the printing presses used as aforesaid by the said defendant, in his said place of business."

It is further averred:

"Plaintiff was put to work, as aforesaid, upon the said printing press and directed as aforesaid by the said defendant to use the same, without any caution or instruction as to the danger to him by reason of any defect in said printing press or by reason of the said wedge or key being out of place and projecting out and over said iron shaft, and at which time the said printing press was insecure and unsafe for plaintiff or any other person to work upon and to use."

Defendant's knowledge of the dangerous character of the machine and plaintiff's want of knowledge are averred. Defendant offered no testimony, and a verdict for defendant was directed by the court upon the ground that the negligence alleged was not proven.

*Dunham & Malcolm*, for appellant.

*Bundy, Travis & Merrick*, for appellee.

OSTRANDER, J. (*after stating the facts*). The most favorable construction which can be placed upon the testimony for plaintiff is that the key, which was a proper part of the press, had worked out of position so that it projected some, but very little, beyond the end of the shaft. It is not a common thing, but these keys do sometimes work loose. In other respects the press was in perfect order. It was the one upon which, under instruction, plaintiff had three months before learned to work. His duty was to start, feed, and stop it. In starting and stopping it he used a lever. All of its parts were visible, and its speed was not such as to put the key out of vision.

He was standing at his work, and when the sheets fell to the floor, at the side of, not under, the machine, he walked to the side of the machine, stooped to pick them up, and brought his sleeve in contact with the gearing. He admits his knowledge of the danger of approaching too closely to the machinery, and that in picking up the papers he took no account of how close he approached his arm to the gearing. How long the pin had been out of position does not appear, and it is doubtful if the testimony reasonably supports an inference that the projecting pin increased the danger. Indeed, plaintiff's testimony leaves it in doubt whether his sleeve was not caught in the gear, instead of on the pin. The most ordinary care would have avoided danger.

We are asked to give some effect to the statute (Act No. 113, Pub. Acts 1901), which forbids the employment of children under the age of 16 years in a manufacturing establishment at employment where life or limb is endangered. Section 2 of this act was amended in 1905 (Act No. 171), and it appeared that the mother of plaintiff, before defendant hired the boy, made the sworn statement required by said section. It is not averred that it was negligence to employ plaintiff in this establishment, at this work. *Borck* v. *Nut Works*, 111 Mich. 129.

It is contended that, so long as the facts show an employment prohibited by the statute, it is immaterial, so far as the question of defendant's negligence is concerned, whether the statute is declared upon or not. If by this is meant that it is unnecessary to aver an employment such as the statute prohibits, the contention is not sound, and the point is ruled by the case above cited. Whether a defendant is conducting a manufacturing establishment within the meaning of the statute, and whether the particular employment endangers life or limb, are questions of fact, and if it is claimed that the facts exist the rules of pleading demand a tender of the issues so that defendant may be informed of the case he is required to meet. The case of *Ferguson* v. *Gies*, 82 Mich. 358 (9 L. R. A.

589), relied upon by counsel, is not in point. In that case plaintiff's right of action existed at common law, of the rule of which the statute was held to be declaratory.

The judgment is affirmed.

McAlvay, C. J., and Carpenter, Grant, and Blair, JJ., concurred.