MARTIN *v.* JERRY MADDEN SHINGLE CO.

1. MASTER AND SERVANT — PERSONAL INJURIES — WARNING AND INSTRUCTING SERVANT—CONTRIBUTORY NEGLIGENCE.

It was a question of fact for the jury to determine whether or not an inexperienced employé who had not been warned of the danger of removing a sliver from between saws, and whose arm was jerked into the saw by a long sliver which he tried to remove, was guilty of negligence contributing to his injury.

2. SAME—SUFFICIENCY OF INSTRUCTION.

The question of the sufficiency of his employer's instruction and of the necessity of warning the servant, who had been told to watch another employed at similar work, and had observed him for half an hour before commencing to work, was also for the jury.

3. SAME—ACTS OF FELLOW-SERVANT.

Defendant having introduced evidence to show that plaintiff had received a warning from a servant of defendant not to remove splinters from the saw by hand, the court erred in charging the jury that he would be bound only by a warning from some person who was known by plaintiff to have had experience about gang saws.

Error to Delta; Flannigan, J. Submitted February 14, 1911. (Docket No. 160.) Decided March 31, 1911. Rehearing denied March 30, 1912.

Case by Frederick P. Martin against the Jerry Madden Shingle Company for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed.

*G. R. Empson,* for appellant.

*John E. Tracy* (*H. O. Fairchild,* of counsel), for appellee.

HOOKER, J. The plaintiff, a young man about 19 years of age, applied for work in defendant's sawmill, and was

employed by the foreman to act as helper on a gang saw. It was his duty to remove the lumber as it came from the gang saws, and the accumulations of sawdust, etc., for which a pole was provided. He was directed to watch another helper perform his duties, and see how his work was done. This he did for about half an hour before beginning work as helper. A few days later a sliver became fast between two of the saws, and he attempted to remove it, standing back of the saws at the time. He took hold of it with his hand and attempted to pull it out, and instantly his arm came in contact with the saw and was injured, so that amputation became necessary. He was unable to explain just how it happened, but his counsel's theory was that, owing to the tendency of the back teeth of the saw to move upward and forward, the stick was caught and dragged forward, taking his hand and arm with it. He testified that the stick protruded beyond the saws about eight inches, and he took hold of the four inches farthest from the saw. The negligence charged is, in substance, that defendant failed to warn the plaintiff of the danger attendant upon the removal of slivers from the saws. Upon the part of the defense, it was claimed that he was properly instructed in the performance of his duty, that the danger was obvious, and that, moreover, he had been distinctly warned by two persons, and was guilty of contributory negligence. A judgment for $2,500 has been appealed from by the defendant.

In the light of what happened, it is easily seen that seizing a stick as this defendant did was a most dangerous course to take, and a jury might readily and properly conclude that an inexperienced young man, whose attention had never been called to the subject, would be unlikely to understand, or even consider, the possibility of the consequences of the movement of the saw toward the front. That it was a serious menace to any one who should take hold of a sliver is now apparent. We are not satisfied that this was so obvious a danger as to justify our taking the question from the jury, or to say that the

direction to watch another helper is a sufficient instruction, where there are particular dangers attendant upon the operation of a machine, that might not, and perhaps would not, and in this case did not, become apparent to the operator. Instruction may be incomplete, if it does not warn against serious known dangers not necessarily apparent, or if it fails to advise the novice of the safer way, when the danger is not obvious to the uninitiated. We think this case, though a close one, falls within the rule laid down in *Allen* v. *Jakel,* 115 Mich. 484 (73 N. W. 555); *Ertz* v. *Pierson,* 130 Mich. 160 (89 N. W. 680); *Kolodziejski* v. *Seestadt,* 143 Mich. 38 (106 N. W. 557); and *Braasch* v. *Stove Co.,* 147 Mich. 676 (111 N. W. 197).

We do not lose sight of the fact that a buzz saw is so obviously dangerous that, as was said in *Willis* v. *Besser-Churchill Co.,* 126 Mich. 659 (86 N. W. 133):

"It does not require a very high degree of intelligence to know that a rapidly revolving saw, more than four feet in diameter, is a source of danger to any one working in its immediate vicinity."

"Plaintiff must be held to have known that the method adopted by him was unsafe, and, having been informed of a safe way to do the work, he would be guilty of contributory negligence in adopting the unsafe way."

See, also, *Wight* v. *Railroad Co.,* 161 Mich. 216 (126 N. W. 414); *Van Wyck* v. *Dickinson,* 148 Mich. 418 (111 N. W. 1033); *Johnson* v. *Hovey,* 98 Mich. 343 (57 N. W. 172); *Torongo* v. *Salliotte,* 99 Mich. 41 (57 N. W. 1042); *Lindstrand* v. *Lumber Co.,* 65 Mich. 254 (32 N. W. 427). The distinction between those cases and the one now before us is in the character of the danger, and the uncertainty that it would be understood or foreseen by one unfamiliar with such saws, and the failure to warn against a danger which the master must have known.

We do not mean to be understood that a warning must be given against all sorts of dangers, obvious and rare, as

168 MICH.—12.

well as concealed, but inevitable. The latter should be explained, and instruction as to the safer way given, and the reason made plain. A case distinctly in point is *Parkhurst* v. *Johnson*, 50 Mich. 70 (15 N. W. 107, 45 Am. Rep. 28). See, also, *Reynolds* v. *Railroad Co.*, 64 Vt. 66 (24 Atl. 134, 33 Am. St. Rep. 908); *Ingerman* v. *Moore*, 90 Cal. 410 (27 Pac. 306, 25 Am. St. Rep. 138); *Pullman's Palace Car Co.* v. *Harkins*, 55 Fed. 932, 5 C. C. A. 326; *Pullman's Palace Car Co.* v. *Laack*, 143 Ill. 242 (32 N. E. 285, 18 L. R. A. 215); 26 Cyc. pp. 1172, 1173, and note 35. In *Sullivan* v. *Manufacturing Co.*, 113 Mass. 399, the court said on this subject:

" It may frequently happen that the dangers of a particular position for, or mode of doing work, are great, and apparent to persons of capacity and knowledge of the subject, and yet a party, from youth, inexperience, ignorance, or general want of capacity, may fail to appreciate them. It would be a breach of duty on the part of a master to expose a servant of this character, even with his own consent, to such dangers, unless with instructions or cautions sufficient to enable him to comprehend them, and to do his work safely with proper care on his own part. It was therefore competent for the plaintiff to show that there had been such a breach of duty on the part of the defendants, and, although he had in fact \gone to work in the place pointed out, assenting so to do, yet that he was incapable of appreciating the dangers to which he exposed himself, or of doing the work safely without instructions or cautions which he did not receive."

The claim of contributory negligence raised a question for the jury. There was testimony in the case that one Noel, a filer, twice warned the plaintiff against using his hands to remove sticks and slivers from the machine. The testimony was disputed. After retiring, the jury returned, and asked the court:

" Would a warning given by another employé constitute a warning, and prevent the plaintiff from recovering?"

The court then said:

" If another employé warned the plaintiff that it was

dangerous to attempt to remove slivers by means of his hands, the plaintiff was bound to give heed to such warning; and if, after such warning by another employé, he used his hand, he would be guilty of contributory negligence, and cannot recover:  Provided, you find that the employé who gave him such warning, notice, or caution was known by the plaintiff to be an employé experienced in and about the gang saws."

It is urged that the limitation, by the proviso, to men whom plaintiff knew to be experienced in and about the gang saws, was error.  The case of *Sullivan* v. *Manufacturing Co.*, *supra*, is in point here, as it affirmed the following instruction:

"The plaintiff contended that any cautions given by the overseer would not avail to protect the defendant. But the court ruled that, if the plaintiff had such instruction, caution, information, or knowledge as would enable him, with a reasonable exercise of care on his part, to do his work with safety to himself, the defendant was not liable, and that it made no difference whether he derived it from the defendant's officers, from a second hand in another part of the room, from a stranger, or from his own perceptions and intelligence."

The proviso was erroneous, and the judgment is reversed, and a new trial ordered.

MOORE, McALVAY, BROOKE, and BLAIR, JJ., concurred.