BERKY v. AMERICAN SEATING CO.

1. MASTER AND SERVANT—WARNING AND INSTRUCTING SERVANT—KNOWLEDGE—NOTICE—EVIDENCE.

Evidence that defendant had knowledge that the treadle of its press had caught underneath the lower part of a truck standing near the machine, on occasions previous to plaintiff's injury, causing the press to repeat, presented a question for the jury on the trial of a personal injury action, whether the defendant should have warned plaintiff, an inexperienced minor servant, of the danger.

2. SAME—ASSUMED RISK—CONTRIBUTORY NEGLIGENCE.

Under conflicting proofs, the questions of the obvious nature of the risk and the sufficiency of instructions given to the plaintiff, were for the jury.

3. SAME—SIMILAR ACCIDENTS—EVIDENCE.

Testimony that similar occurrences had taken place in the factory of defendant on other machines, was competent to establish notice to the defendant of the danger from placing wheel trucks too near the machines: the exclusion of such testimony was reversible error.

Error to Kent; Perkins, J. Submitted January 19, 1914. (Docket No. 22.) Decided March 26, 1914.

Case by George O. Berky, by next friend, against

the American Seating Company for personal injuries. Judgment for defendant. Plaintiff brings error. Reversed.

*Lombard, Hext & Washburn,* for appellant.

*Carroll, Kirwin & Hollway,* for appellee.

BIRD, J. This is a personal injury case in which the defendant had judgment by direction of the trial court. The plaintiff has assigned error.

The defendant operates a manufacturing plant in the city of Grand Rapids. In one of its departments it operates a large number of punch and other presses arranged in two rows on either side of the room and separated by an aisle. Down this aisle the materials are conveyed on low trucks to the several machines. These trucks are what is called a two-story truck, the lower platform being about 6 inches from the floor, and the upper one, upon which the materials are carried, being about 18 inches above the lower floor. The operators sit on stools immediately in front of the machines. The power is conveyed from the main shaft to the several machines, and is controlled by means of a clutch operated by a treadle. When the metal plate is placed in position, the machine is started by placing the foot on the treadle and pressing downward. When the plate is fashioned, the operator removes his foot from the treadle, and the power is disengaged. All of the presses are operated in the same general way. A short time before the injury, the plaintiff had wheeled a truck load of plates close to his machine, and located it at his right hand. After placing a metal plate in position, he started the machine in the usual way. When the plate was finished, he removed his foot from the treadle, and reached for it with his left hand to remove it. The press kept on repeating, with the result that the first three fingers of his left hand were crushed. Upon

examination it was discovered that the treadle, which had a lateral movement of about three inches, had caught under the lower platform of the truck, which kept it from springing up and disengaging the power when plaintiff removed his foot.

The plaintiff was a boy 17 years of age, although it was agreed he had the appearance of being 20. He had worked for defendant only about two weeks when he received his injury, but had had some experience with and around machinery at other industrial plants. The negligence which he complains of was the failure of defendant to instruct him of the danger of wheeling his truck too close to the treadle on account of the lateral movement of the treadle. It was shown that, prior to this happening, the treadle on similar machines had caught in the same way, and that the superintendent had instructed the foreman to caution the men of the danger, and the foreman testified that he did caution plaintiff with reference to it. Plaintiff denied that he was so cautioned.

The defendant contends that the danger, if it were one, was one of the risks incident to the employment, and therefore was assumed by the plaintiff, and, further, that plaintiff was the victim of his own neglect.

Had this been the first happening of the kind which had occurred in defendant's plant, it could have been urged with much propriety that it was a novel happening and one which could not have been reasonably foreseen nor anticipated by either master or servant. But, after one or more similar occurrences had taken place, knowledge of its dangerous character was brought home to the defendant, and thereafter it would be its duty to warn its servants of the danger.

If it had been called to the attention of the defendant, as the evidence tended to show, that such an occurrence was likely to happen, and the plaintiff, by

reason of his youth or inexperience, did not know of it, and the danger was not an obvious one, it was the duty of the defendant to warn him. *Coombs* v. *Cordage Co.,* 102 Mass. 572 (3 Am. Rep. 506) ; *Swoboda* v. *Ward,* 40 Mich. 420; *Parkhurst* v. *Johnson,* 50 Mich. 70 (15 N. W. 107, 45 Am. Rep. 28) ; *Snow* v. *Power Co.,* 162 Mich. 579 (127 N. W. 677).

The questions as to whether the danger was an obvious one and, if not, whether plaintiff was properly instructed as to the danger, together with the question of plaintiff's own neglect, were questions which we think should have been sent to the jury.

Testimony was offered and excluded that similar occurrences had taken place in defendant's plant on machines of like kind. This testimony was competent, and should have been received for the purpose of establishing notice to the defendant that the practice of wheeling the trucks too close to the machines was a dangerous one, and one which might result in injury to the employees. 5 Cyc. p. 1114.

The judgment of the trial court is reversed, and a new trial granted.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.