# CHARLESTON.

A. L. MILLS, ADMR. ETC. v. THE VIRGINIAN RAILWAY CO.

Submitted March 2, 1920.   Decided March 9, 1920

1. MASTER AND SERVANT—*Declaration Under Federal Employers' Liability Act Construed to Sufficiently State Causal Connection Between Negligent Acts and Injury.*

   A declaration in an action for damages for alleged wrongful death, brought under the Federal Employer's Liability Act, which, in each of its two counts, sets forth several charges of negligence, and then alleges that, by reason of all the matters and things therein previously set forth, the plaintiff's decedent came to his death, sufficiently states causal connection between the acts of negligence and the injury complained of. (p. 731).

2. SAME—*Minor Over Fourteen Presumed to Have Capacity to Appreciate Dangers Incident to Employment and Whether He Did is for Jury.*

Although a minor servant over fourteen years old is presumed to have capacity to comprehend and duly appreciate the dangers ordinarily incident to his employment, the inquiry as to whether he did actually comprehend and fully appreciate such a danger, in any case in which he has suffered injury therefrom, in the course of his employment, is one for jury determination, unless all the facts and circumstances, including his age, intelligence, experience, and warning of the danger and advice as to means of avoidance thereof, if any, make his possession of such knowledge and appreciation so clear as to leave no room for a resonable and intelligent opinion to the contrary. (p. 732).

3. SAME—*Whether Section Hand Eighteen Years Old Appreciated Danger on Front End of Hand-Car in Absence of Warning was for Jury in Action Under Federal Employers' Liability Act.*

Whether a minor servant eighteen years old, working as a section hand on a railroad, comprehended and fully appreciated the danger attendant upon his standing on the front end of a lever hand-car of standard make and working the lever, while the car was under way, in the absence of warning thereof and advice as to means of avoiding it, is a question proper for jury determination, and their findings that he did not and that the failure of the employer, through its foreman, to give him warning of such danger, or to put him in a safer place on the car, in view of his immaturity and inexperience, was negligence on its part and the proximate cause of the injury, cannot be disturbed by the trial court. (p. 732).

4. WITNESSES—*Previous Contradictory Statements Are Admissible to Impeach Witness.*

If, in the trial of an action for damages for wrongful death, brought under the Federal Employers' Liability Act, occasioned by a fall of an immature and inexperienced workman, from a hand-car, while standing on the front end of it and working the lever, the defendant proves by its section foreman under whom the decedent was working at the time, that he had observed nothing in the decedent's conduct calling for admonition against danger arising therefrom, the trial court may properly admit proof of contradictory statements previously made by the witness and tending to impeach such testimony. (p. 735).

85 W. Va.

Error to Circuit Court, Wyoming County.

Action by A. L. Mills, Administrator of James Allen Mills, deceased against the Virginian Railway Company. From a judgment setting aside a verdict for plaintiff, he brings error.

*Reversed, verdict reinstated, judgment for plaintiff.*

*Toler & Moran,* for plaintiff in error.

*M. P. Howard, Loyall & Taylor,* and *Hall, Wingfield & Apperson,* for defendant in error.

POFFENBARGER, JUDGE:

A verdict for $10,000.00, obtained in an action for alleged wrongful death, brought under the Federal Employers' Liability Act, was set aside by the judgment complained of, as being contrary to the law and the evidence. Argument to sustain this ground of the motion to set aside and also to sustain the court's action on the ground of erroneous admission of evidence is found in the brief for the defendant in error. It also contains a cross-assignment of error predicated on the overruling of a demurrer to the declaration and each of its two counts.

The gravamen of the cause of action as set forth in the first count of the declaration is the failure of the defendant to warn the decedent of the ordinary dangers of the employment upon which he entered on the third day preceding his death, he being only eighteen years old and having had no previous experience in the work he was employed to perform, namely, track repairing and incidental travel on, and operation of, a lever hand-car of standard size and construction. On the third day of his employment, while assisting in the operation of the hand-car and standing on the front end thereof between two other men, with only one hand on the lever, his hand became detached in some way and he fell from the car and was run over by it and instantly killed. This count asserts among other things, duty on the part of the defendant, in view of his youth, inexperience and lack of knowledge of the danger incident to his work, to give him warning, instruction and advice respecting them, and then states the situation of the decedent immediately before he fell and avers that "by reason of all the matters and things" thereinbefore "set forth, he, the said James Allen Mills was violently thrown and hurled from the platform

of the said car" and killed as above stated. The second count repeats practically all of the allegations of the first, except failure of duty to warn, instruct and advise, including requirement by the foreman, and necessity on the part of the decedent, owing to the crowded condition of the car, to stand on its edge, in the manner above indicated, while assisting in the working of the lever, and then attributes the fall and injury to his inexperience and lack of knowledge and information and neglect and refusal of the defendant to use due and reasonable care and caution to prevent injury to him and to provide him reasonably safe and secure appliances and tools and a reasonably safe and secure place in which to work. It then avers that, by reason of all the matters and things previously alleged, he was thrown and hurled from the car to his death.

Manifestly, the first count seeks recovery on the ground of failure, as omissive negligence, to warn, instruct and advise respecting the danger of the employment, in view of alleged youth and inexperience, and that negligence is one of the things included in the generally stated reasons or causes of the injury. One of the grounds of action clearly disclosed by the second is requirement or necessitation, as active or affirmative negligence, of an immature and inexperienced servant, to work in an insecure and dangerous place, and the causal connection between it and the injury is alleged in the same way and the same terms. Lack of such connection is the only contention set up in support of the demurrer and is clearly untenable.

The minority and inexperience of the decedent are undisputed. Omission to warn him of the dangers incident to his employment and to advise him how to avoid them is also established. Although the space between the front handle-bar of the car and the front end of the car was only eight or ten inches, it might not have been, as matter of law, a dangerous place in which to stand when the car was in motion, if the handle-bar had remained fixed and not in motion, or if there had been something else the decedent could have grasped and held to; and, if it was, the danger might have been so open and apparent that he, a person against whom there was a presumption of capacity to appreciate danger, would be deemed to have duly appreciated and assumed it, in which case, his own deliberate act with full knowl-

edge of its almost certain consequences, would have been the proximate cause of his injury, and, therefore, would preclude right of recovery under the statute relied upon here. *Keathley* v. *Chesapeake & Ohio Ry. Co.*, not yet reported; *Chesapeake & Ohio Ry. Co.* v.*De Atley*, 241 U. S. 310. But these conditions did not obtain. The handle-bar was in constant and more or less violent motion, when the car was running. Its momentum kept the lever in motion, even on down grades when the application of manual power or force was unnecessary. If an operator of the lever did not accommodate his own motion to that of the handle-bar, his hand necessarily came into conflict with the force emanating from the car's momentum and applied to the lever, or that applied by his associates, and, in consequence thereof, his hold upon the handle-bar might be broken and his body, at the same time, thrown out of its equilibrum. The danger of a backward fall in front of the car, under such circumstances, is very much greater and not nearly so obvious, as in the supposed case of a fixed and stable support of some kind. It might not be observed at all, or, if observed, not fully appreciated, by an immature and inexperienced person.

Although the decedent, being over fourteen years old, is presumed to have had capacity to comprehend open and obvious danger and warnings against obscure dangers, the law does not impute to him the closeness of observation, nor the degree of caution and wariness, that characterizes the conduct of men of mature age. Where minors are concerned, ordinary risks are, for evidential purposes, always treated at the outset of the inquiry as extraordinary, and the burden of establishment of the servant's actual comprehension of the particular risk, rests upon the employer. *Adams* v. *Chesapeake & Ohio Ry. Co.*, 73 W. Va. 700; *Williams* v. *Coal & Coke Co.*, 55 W. Va. 84, 101; *Giebel* v. *The Collins Co.*, 54 W. Va. 518. Whether such a servant did fully comprehend it is a question of fact for the jury unless the facts and circumstances tending to prove his actual knowledge of the danger and appreciation thereof, including his age and actual capacity, make out a case against him, so strong and clear as to leave no room for a reasonable and intelligent opinion in his favor. Over the age of fourteen years, there is a presumption of capacity only, but none that a minor servant actually

knew and appreciated the danger incident to his service. *Ewing* v. *Lanark Fuel Co.*, 65 W. Va., 726; Labatt's M. & Serv. 2nd Ed. secs. 1156, 1203 and 1264. His actual knowledge and appreciation of the danger, however, may be placed beyond doubt, by proof of his age, his warnings, caution and advice, his previous knowledge and experience or the inherent character of the danger. *Williams* v. *Coal and Coke Co.*, 55 W. Va. 84, 100; *Laverty* v. *Hambrick*, 61 W. Va. 687; *Bare* v. *Coal Co.*, 61 W. Va. 28; *Marklewitz* v. *Olds Motor Works*, 152 Mich. 113. None of the decisions of this court go beyond the propositions just stated. In *Ewing* v. *Lanark Fuel Co.*, the court held the questions of actual knowledge and appreciation to be within the province of the jury. In *Laverty* v. *Hambrick*, the proof of both knowledge and appreciation was so full and clear that the court could assert them as matter of law. The issue in *Wilkinson* v. *Kanawha etc., C. & C. Co.*, 64 W .Va. 93, was whether an employer was guilty of negligence toward an injured servant, in the employment of a minor as the co-servant of the injured person, by whose oversight the injury was occasioned, and it is governed by a different rule. To impose liability in that case, it was necessary to prove negligent employment of an incompetent servant. There was a presumption of competence of the minor servant, which the plaintiff had not rebutted nor overthrown, competence to perform certain simple, though highly important, functions which he had repeatedly performed for a period of three days, not capacity to discover and fully appreciate something of which he had had no previous knowledge.

In view of the peculiarity of the danger incurred by the servant, without warning or advice, and his immaturity and presumptive as well as actual inexperience, we are of the opinion that the questions of his actual knowledge of the danger and appreciation thereof were properly allowed to go to the jury, and that, in the absence of any error in the conduct of the trial, the court could not properly set aside the verdict. In an action brought under an Iowa statute similar to the federal statute here involved, for an injury to a section hand, occasioned by contact of his feet with a cattle-guard, or the rails or the snow, while riding on a hand-car and holding a shovel on the rails of one side of the track and thereby removing the snow from them,

a recovery was allowed. The judgment was reversed and the verdict set aside, on account of an error in the trial, but there was no suggestion of lack of right of recovery on the facts alleged. *C. M. & St. P. Railway Co.* v.*Artery,* 137 U. S. 507. On the contrary, the court said in the opinion filed: "We are clearly of opinion that, in the present case, the defendant was liable, under section 1307 of the Code, for the injury to the plaintiff caused in the manner set forth in the petition, and in the evidence contained in the bill of exceptions. The plaintiff was upon a moving car propelled by hand-power. The movement of the car, its speed, the position of the plaintiff upon it and the duties he had to discharge in that position, were under the direction of the foreman, who was upon the same car." Although there may be no evidence of a direction to the decedent to take the position he occupied, by the foreman, it was the duty of the latter either to give warning of the peculiar danger of that position, when he saw it taken by the boy, or to put him in a safer place and assign an experienced man to that one.

There is conflict in the evidence as to whether the arrangement of the men and tools on the car was proper, but the issue as to that was not decisive of the case. An expert witness swore it was unnecessary and improper to place men on the car in front of the front handle-bar. Other witnesses flatly contradicted him and supported their contentions with apparently strong reason. If the jury believed and found it proper so to place them, they could consistently find negligence in the conduct of the defendant, respecting the decedent, on account of his youth and inexperience. In other words, it might have been permissible, to place an experienced man on the front of the car, without warning, but not so to place an inexperienced servant in that position.

There was no error in the admission of evidence, justifying the award of a new trial. Britt, the section foreman, called as a witness by the plaintiff, was interrogated, without objection, as to whether he had not admitted, some time after the accident, that he was sensible of danger to Mills, when he saw him pumping with only one hand, and had debated in his own mind the propriety or expediency of an admonition to him and finally decided to withhold it. He answered that he did not remember

whether he had made the statement or not. Of course, the subsequent admission of the agent of the defendant was not admissible as a part of the plaintiff's case, and the witness' answer constituted no basis for impeaching evidence. *Peterson* v. *Paint Creek Collieries Co.* 71 W. Va., 334. But later, the defendant itself put the witness on the stand and introduced his testimony as the subject matter of the former interrogation, his observation of any conduct on the part of Mills, which, in his opinion, called for admonition, in the course of which he said he had not observed anything of that kind. This opened the way for impeaching evidence or contradiction, for the testimony then became a material part of the defendant's case. It was not evidence of an admission. It was evidence tending to prove lack of knowledge of inexperience. Being material, it could be resisted by proof of contradictory statements of the witness previously made. *State* v. *Goodwill,* 32 W. Va. 177; *Peterson* v. *Paint Creek Collieries Co.,* cited; *Forde's Case,* 16 Gratt 547.

The verdict having been erroneously set aside, the judgement will have to be reversed, the verdict reinstated and a judgment rendered thereon, with costs to the plaintiff in error, in the court below as well as in this court.

*Reversed, judgment reinstated, judgment for plaintiff.*