Mary Ann **BUCKLEY**, an infant, under the age of 21 years, who brings this suit by Charles E. Buckley, her father and next friend, Appellant,

v.

**VALLEY CAMP COAL COMPANY**, a corporation, Appellee.

No. 9055.

United States Court of Appeals Fourth Circuit.

Argued Oct. 4, 1963.

Decided Nov. 6, 1963.

Rudolph L. Di Trapano, Cabin Creek, W. Va., for appellant.

Edward W. Eardley, Charleston, W. Va. (Carl F. Stucky, Jr., and Steptoe & Johnson, Charleston, W. Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, J. SPENCER BELL, Circuit Judge, and THOMSEN, District Judge.

SOBELOFF, Chief Judge.

Mary Ann Buckley, an eight year old child, brought this action through her father to recover damages for burns which she suffered in a fire on Valley Camp Coal Company's property. This appeal, taken after judgment upon a jury verdict for the defendant, complains of the District Judge's charge to the jury.

The evidence showed that the defendants owned a vacant lot adjacent to the Buckley residence, the two properties being separated by a wire fence. On the lot, approximately twenty feet from the fence and sixty feet from the plaintiff's home, there had been an outhouse which was razed in January, 1961. The pit was then covered over with a wooden top properly secured.

On the morning of June 1, 1961, two employees of the coal company collected discarded lumber, used mattresses and other refuse and built a bonfire over the covered pit. With typical childish curiosity, the infant plaintiff and her younger brother entered defendant's property and watched the men at their work. The workmen warned the children to remain at a safe distance. After letting the fire burn for a short time, the men decided to leave. On their departure, at approximately 11:30 in the morning, they escorted the children to the Buckley residence and told the mother to keep them away from the fire. About three o'clock that afternoon the little girl was seriously burned by coming into contact with the flames or with the hot debris by falling into the toilet pit which became exposed when the bonfire burned through its wooden cover.

In essence the appellant assigns two errors in the instructions to the jury, namely, that the duty of care owed the plaintiff by the defendant under West Virginia law was incorrectly stated, and that no instruction on contributory negligence should have been given.[1]

West Virginia law makes no distinction between trespassers and licensees in respect to the standard of care owed them by an owner of land; in either case he need only refrain from inflicting intentional injury.[2] As an exception to this general rule and a substitute for the attractive nuisance doctrine, West Virginia has adopted a "dangerous instrumentality rule" which imposes upon landowners a duty to take particular care against dangers arising from the natural curiosity of children when the landowner is operating, storing or keeping inherently dangerous agencies or devices.[3] For a child of tender years to become entitled to the greater protection afforded by the dangerous instrumentality exception, it has been said that "the danger of the instrumentality must be hidden, concealed or latent to one who is not familiar with its use."[4] To mention a few examples from West Virginia cases, a road scraper parked at a roadside, Rine v. Morris, 99 W.Va. 52, 127 S.E. 908 (1925), scattered blasting powder, Wellman Adm'r. v. Fordson Coal Co., 105 W.Va. 463, 143 S.E. 160 (1928), and a pool of gasoline, Adams Adm'r. v. Virginian Gasoline & Oil Co., 109 W.Va. 631, 156 S.E. 63 (1930), are regarded as in-

1. The appellee has urged that Rule 51, Fed.R.Civ.P., prevents this court from reviewing any error in the charge because no exceptions were taken at the trial to the parts pertaining to defendant's duty of care and plaintiff's contributory negligence. While it is true that plaintiff's counsel made no mention in open court of these objections to the charge, the record indicates that he expressed his dissatisfaction to the District Judge during a conference in chambers, at which time the Judge remarked: "We will show the objection of Mr. Di Trapano * * *."

As no further objection was made by plaintiff's counsel due to an apparent misunderstanding of the effect of this informal action, it would be unduly harsh to invoke the formality of Rule 51 and hold plaintiff to a waiver. Cf. Dudley v.

Inland Mut. Ins. Co., 299 F.2d 637 (4th Cir. 1962); Willis v. Pa. R. R., 269 F.2d 549 (4th Cir. 1959).

2. Holcombe v. Buckland, 130 F.2d 544 (4th Cir. 1942); Waddell v. New River Co., 141 W.Va. 880, 93 S.E.2d 473 (1956); Dickinson v. New River & Pocahontas Consol. Coal Co., 76 W.Va. 148, 85 S.E. 71 (1915); Woolwine's Adm'r v. Chesapeake & O. R. Co., 36 W.Va. 329, 15 S.E. 81, 16 L.R.A. 271 (1892).

3. Tiller v. Baisden, 128 W.Va. 126, 35 S.E.2d 728 (1945); Richards v. Hope Constr. & Ref. Co., 121 W.Va. 650, 5 S.E.2d 810 (1939).

4. Elk Ref. Co. v. Majher, 227 F.2d 816, 818 (4th Cir. 1955); e.g., Harper v. Cook, 139 W.Va. 917, 82 S.E.2d 427 (1954); White v. Kanawha City Co., 127 W.Va. 566, 34 S.E.2d 17 (1945).

herently dangerous. But a controlled bonfire has been expressly held not to be a dangerous instrumentality.[5] Whether or not a smoldering pit should be treated as a bonfire has not been decided.

As to the general duty of landowners the Judge told the jury:

"As I state, the plaintiff here was either a trespasser or a bare licensee. The duty owing to her by the defendant, other than the exception I will give you later, in her posture as either a licensee or a trespasser was the same in either event * * *."

In respect to the duty owed young children by a landowner maintaining a dangerous agency or condition the charge gave the following exposition:

"The law recognizes that with children where a property owner or where any defendant knows that children ordinarily will frequent a certain area, or if he knows that children are present, then the law places upon that defendant responsibility if he, knowing of the presence of the children, maintains an inherently dangerous instrumentality or condition."

Turning then to the particular facts shown in the evidence, the Judge instructed the jury as follows:

"In this case if you were to find that the defendant, acting through its agents, knew of the presence of these small children or had reason to expect that they would be around in this area and that in view of that failed to take precautions which a reasonably prudent man would take to safeguard those children in the knowledge of their presence, if the defendant refused or failed to safeguard them by taking the precautions which a reasonably prudent person would take in light of their presence, then that would be negligence * * * for which the plaintiff would be entitled to recover against the defendant. As I say, that is an exception which the law recognizes in regard to the area of trespassers and licensees."

In a supplemental charge, further explanation of the dangerous instrumentality rule was given:

"I tried to point out to you that an inherently dangerous condition in the context of that particular exception * * * is a condition which by its nature would not warn a child of the possibility of injury to it * * *. So you must bear in mind generally that since the child was a licensee or trespasser that they owed her only the duty of not willfully or wantonly injuring her; but if you find that they knew or should have known of the presence of children, and you further find they had created a dangerous instrumentality which by its nature would not warn of its dangerous propensities to a child, you could inquire into the question of whether they exercised reasonable care to safeguard the child under these circumstances."

While West Virginia cases, as we have seen, deem bonfires not within the "dangerous instrumentality" exception, the trial court evidently adopted the view, favorable to the plaintiff, that a smoldering pit might in some circumstances qualify for the exception. Plaintiff contends that mention of the law governing trespassers and licensees was prejudicial to her, but this contention is easily answered. We think that this rule of law should have been brought to the jury's attention, as well as the law of dangerous instrumentalities. It was necessary to tell the jury about both legal standards so that the appropriate one could be applied by the jury, according to the facts found by it. The court, we think, merely set the general rule and the exception in proper perspective, and properly left it to the jury to draw its

---

5. Tiller v. Baisden, 128 W.Vt. 126, 35 S.E.2d 728 (1945); see Harper v. Cook, 139 W.Va. 917, 82 S.E.2d 427 (1954).

own inferences from the basic facts and to determine whether the conditions on the defendant's land did or did not constitute a "dangerous instrumentality" in fact. The jury was instructed that if its resolution of the factual issue was that there was no dangerous condition then it should apply the general trespasser-licensee rule, which accords the plaintiff scant protection; but that if its finding on the facts was otherwise the plaintiff should have the benefit of the more lenient exception whereby a higher responsibility is cast upon the owner to be alert for the safety of children on his premises. In this instruction there was no error.

■■ Nor do we find error in the court's charge as to contributory negligence. Under West Virginia law, an infant under the age of fourteen years is presumed not to possess sufficient mental capacity to comprehend and avoid danger. For children older than seven, this presumption is rebuttable, the burden of proving capacity being upon the defendant.[6] As the question of the contributory negligence of a child depends upon the facts and circumstances in each case, it is ordinarily one for the jury to consider, taking into account the child's age, intelligence, experience, alertness and previous training, the existence of a warning, and the nature of the danger encountered.[7]

Plaintiff does not dispute the accuracy of the statement of the local law in the court's charge on contributory negligence; her complaint, citing the case of

French v. Sinkford, 132 W.Va. 66, 54 S.E.2d 38 (1948), is rather that this issue should not have been submitted to the jury at all, even with a cautionary instruction that the burden rests on the defendant to overcome the presumption. We disagree. In the cited case the court found a total absence of testimony to rebut the legal presumption of an eleven year old child's incapacity. This led the court to hold that the defense of contributory negligence was not available on that record. But the court did not hold that the jury may not be permitted to weigh the evidence of contributory negligence where the record discloses such evidence.

■ Under a fair reading of the evidence in the present case there is a genuine issue of contributory negligence.[8] The jury could rationally infer contributory negligence from the express warning given the child. It could also take into consideration that the open pit was not hidden but was smoking, perhaps burning, at the time of the accident. A finding of contributory negligence was indeed not mandatory, but the question was properly submitted to the jury. It would have been an unwarranted usurpation of the jury's function for the Judge to undertake to decide this fairly debatable question as one of law either in favor of the plaintiff or in favor of the defendant.

We find no error. The judgment will be

Affirmed.

---

6. Union Carbide & Carbon Corp. v. Peters, 206 F.2d 366 (4th Cir. 1953); French v. Sinkford, 132 W.Va. 66, 54 S. E.2d 38 (1948); Mills v. Virginian Ry., 85 W.Va. 729, 102 S.E. 604 (1920); Ewing v. Lanark Fuel Co., 65 W.Va. 726, 65 S.E. 200, 29 L.R.A.,N.S., 487 (1909).

7. See Shaw v. Perfetti, W.Va., 125 S.E.2d 778 (1962); Parsons v. Appalachian Elec. Power Co., 115 W.Va. 450, 176 S.E. 862, 100 A.L.R. 615 (1934); Pierson v. Liming, 113 W.Va. 145, 167 S.E. 131 (1932); Prunty v. Tyler Traction Co., 90 W.Va. 194, 110 S.E. 570 (1922); Mills v. Vir-

ginian Ry., 85 W.Va. 729, 120 S.E. 604 (1920).

8. The Judge was careful to point out to the jury that any negligence of plaintiff's mother would not be imputable to the child under local law. See Prunty v. Tyler Traction Co., 90 W.Va. 194, 110 S.E. 570 (1922); Dicken v. Liverpool Salt & Coal Co., 41 W.Va. 511, 23 S.E. 582 (1895).

On this appeal no issue is raised as to the sufficiency of the evidence of primary negligence.