905 F.2d 1528
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Douglas Wayne ABBOTT, Plaintiff-Appellant,
v.
Dorothy NICHOLS; Daniel Nichols, Defendants-Appellees.
and
US Leisure, Inc., d/b/a Muskin, Inc., Defendant.
 No. 89-2198.
 United States Court of Appeals, Fourth Circuit.
 Argued April 3, 1990.
Decided May 10, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. William M. Kidd, District Judge. (CA-86-32-M-K)
 Harry G. Deitzler, Preiser Law Offices, South Charleston, W.V. (Argued), for appellant; Monty L. Preiser, Preiser Law Offices, South Charleston, W.V., on brief.
 Walter Minitre Jones, III, Martin & Seibert, Martinsburg, W.V. (Argued), for appellees; James J. Matzureff, Martin & Seibert, Martinsburg, W.V., C. Barry Montgomery, Daniel K. Cray, Williams & Montgomery, Ltd., Chicago, Ill., on brief.
 N.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Douglas Wayne Abbott appeals from an order of the district court for the Northern District of West Virginia granting summary judgment in favor of defendants Daniel and Dorothy Nichols. After reviewing the evidence de novo, we affirm the lower court order because Abbott failed to show that the Nichols breached any common law duty of care owed to him.
 
 I.
 
 2
 Dorothy and Daniel Nichols own an above-ground swimming pool. They allowed Abbott, a guest at their home, to use the pool. Mrs. Nichols warned Abbott that the water was only four feet deep. Despite this warning, Abbott dove head first into the pool from a deck surrounding the pool and injured his vertebrae. Abbott is now permanently paralyzed from the mid-chest down.
 
 
 3
 Abbott brought suit against the Nichols alleging that the Nichols negligently failed to warn him of hidden dangers, including the shallowness of the water. The Nichols filed a motion for summary judgment arguing that Abbott assumed the risk, that they owed no duty to warn Nichols not to dive into the pool, and that there was no evidence that the Nichols caused or contributed to Abbott's injury.
 
 
 4
 The district court granted the motion for summary judgment based upon the common law of West Virginia. The court held that a landowner has a duty to refrain from inflicting intentional injury on a licensee and that there was no evidence that the Nichols had intentionally injured Abbott. Abbott now appeals that order.
 
 II.
 
 5
 In his brief, Abbott argues that W.Va.Code Secs. 19-25-1 et seq. (1988) does not apply to this case.* We need not determine whether the West Virginia Code applies on these facts because the district court did not rely on the statute to decide this case. Rather the district court relied on the common law of West Virginia. The court quoted the following passage from Buckley v. Valley Camp Coal Co., 324 F.2d 244, 246 (4th Cir.1963), to define the standard of care owed by the Nichols to Abbott:
 
 
 6
 West Virginia law makes no distinction between trespassers and licensees in respect to the standard of care owed them by an owner of land; in either case he need only refrain from inflicting intentional injury. As an exception to this general rule and a substitute for the attractive nuisance doctrine, West Virginia has adopted a "dangerous instrumentality rule" which imposes upon landowners a duty to take particular care against dangers arising from the natural curiosity of children when the landowner is operating, storing or keeping inherently dangerous agencies or devices.
 
 
 7
 The court correctly determined that the Nichols did not breach their duty of care to Abbott because there was no evidence that the Nichols intentionally injured him.
 
 III.
 
 8
 Abbott argues that the Nichols owed him a duty of reasonable care because the swimming pool is a dangerous instrumentality which presents a hidden trap or danger. He also claims that the maintenance of an inherently dangerous trap without exercising a high degree of care to prevent injury is the equivalent of a willful or intentional act. And, he claims that the Nichols are liable because they intentionally failed to warn him of the dangers of diving into an above-ground swimming pool.
 
 
 9
 The West Virginia common law general rule is still that a landowner owes a duty of care to refrain from intentionally injuring a licensee. The "dangerous instrumentality rule" is an exception to the general rule which only applies to children. Abbott is an adult and the exception thus does not apply.
 
 
 10
 The remaining question is whether there is any evidence that the Nichols intentionally injured Abbott. Abbott claims that they breached the standard of care because they intentionally failed to warn him not to dive into their pool. We disagree. The evidence shows only that the Nichols generously allowed Abbott to use their pool with the warning that the water was only four feet deep. Abbott's attempt to transform the Nichols' generosity into a malicious and willful intent to harm him has no support in the facts and is not credible.
 
 
 11
 We thus affirm the district court order because there is no evidence that the Nichols breached any duty of care which they owed to Abbott. There is no evidence that they engaged in any intentional act designed to inflict injury upon him.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Section 19-25-2 provides:
 Limiting duty of landowner generally.
 Subject to the provisions of section four [Sec. 19-25-4] of this article, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational or wildlife propagation purposes, or to give any warning of a dangerous or hazardous condition, use, structure or activity on such premises to persons entering for such purposes.
 Subject to the provisions of section four [Sec. 19-25-4] of this article, an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational or wildlife propagation purposes does not thereby (a) extend any assurance that the premises are safe for any purpose, or (b) confer upon such persons the legal status of an invitee or licensee to whom a duty of care is owed, or (c) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of such persons.