William Mac DEVIN, a Minor, by Mac Devin, his father and next friend, Plaintiff in Error,

v.

Floyd B. JONES, Defendant in Error.

Mac DEVIN, Plaintiff in Error,

v.

Floyd B. JONES, Defendant in Error.

No. 40934.

Supreme Court of Oklahoma.

March 7, 1967.

Rehearing Denied April 11, 1967.

Pat Malloy, Tulsa, for plaintiffs in error.

Alfred B. Knight, Tulsa, for defendant in error.

PER CURIAM.

The plaintiff in error William Mac Devin, a minor then twelve years of age, sustained permanent injuries while mowing the lawn of Floyd B. Jones, the defend-

ant in error. William Mac Devin brought suit to recover damages for his injuries and the pain, suffering and disability resulting therefrom. The minor's father, Mac Devin, by separate suit, sought recovery for hospital, medical and doctor's expenses incurred as the result of the injuries to his minor son.

The two cases were consolidated for trial to a jury which resulted in verdicts for the defendant in error, Jones. Judgment was entered upon the verdicts and motions for new trial overruled. The plaintiffs in error appeal. Hereinafter, the parties will be referred to by their trial court designations.

The plaintiffs and the defendant were neighbors in Tulsa, Oklahoma. The defendant Jones, while recuperating from a heart attack, employed others to mow his lawn. Prior to the date of the injury complained of, the plaintiff father, Mac Devin, had mowed the defendant's lawn. While so doing, the minor plaintiff had assisted by trimming the hedge. On the day of the injury, the defendant had called the minor's mother and asked her for someone to mow defendant's lawn. Pursuant to this call, the minor plaintiff took one of his father's three rotary power lawn mowers and went to the defendant's residence. The defendant requested that two areas of the lawn be mowed separately and the grass cuttings be not thrown by the mower into the street. After observing the mowing briefly, the defendant went into his house and was there when the accident occurred.

While the minor plaintiff was pulling instead of pushing the mower, he tripped while stepping backwards over some loose bricks that had been stacked up to divert the drainage of surface waters around the defendant's garage. Whether the minor's foot slid under the mower or the mower was pulled over the minor's foot is not clear. However, in some way the minor's foot was struck by the mower's rotating blade resulting in the loss of four toes on that foot. The bricks were stacked approximately three bricks in height, two bricks in width and three bricks in length. They were plainly visible, were known by the minor plaintiff to be where they were and he intentionally attempted to step over them. The plaintiffs allege that the minor plaintiff's injury was caused by his tripping over the loose bricks.

The plaintiffs alleged that the accident and injuries resulted from the negligence of the defendant in two particulars:

(a) Common law negligence in failing to provide the minor plaintiff with a safe place to work.

(b) Negligence per se on the part of the defendant Jones, in that he violated Title 40 O.S. (1961), Sec. 71 which specifically provides that no child under the age of fifteen years shall be employed or permitted to work in any occupation especially hazardous to life and limb.

The defendant answered by general denial and by affirmative pleas of contributory negligence, assumption of risk and unavoidable accident.

In their appeal, the plaintiffs urge error of the trial court under two propositions:

1. Error in failing to direct a verdict for the plaintiffs.

2. Error in refusing to give plaintiffs' requested instruction No. 1.

To sustain either proposition requires a determination of the defendant's negligence per se, if any. Therefore both propositions will be discussed together.

Title 40 O.S.1961, § 71 upon which the plaintiffs rely states as follows:

"No child under the age of fourteen years shall be employed or permitted to work in any factory, factory workshop, theatre, bowling alley, pool hall or steam laundry, and no child under the age of fifteen years shall be employed or permitted to work in any occupation injurious to health or morals or especially hazardous to life and limb; provided, that nothing in this Act shall prevent any child not a resident of the State of Oklahoma * *. It shall be the duty of the Commissioner

of Labor upon investigation by himself or the agents of his department, or upon the complaint of the Commissioner of Charities and Corrections, or the Board of Health, to determine what occupations are injurious to health or morals or especially hazardous to life or limb, and to notify employers in such occupations of his decision, which decision shall be final until such occupation or occupations shall be defined by law or by final judgment in a court of competent jurisdiction as safe for health, morals, life or limb."

■ This statute is a part of the Revised Laws of 1910. The omitted proviso and the last phrase quoted were added by a 1929 amendment. Title 40 O.S.1961, § 88 is also a part of the Revised Laws of 1910 and provides the punishment for violation of the section. There is no showing that rotary power lawn mowers were known or in general use at the time of the origin of these sections of our statutes. Neither is it shown that a rotary power lawn mower is, of itself, inherently dangerous.

■ The quoted statute does not designate a residential lawn as a place where minors of any age are forbidden to work. Our attention is not invited to any determination by the Commissioner of Labor that the occupation in which the minor plaintiff was engaged at the time of his injury is one injurious to health or morals or especially hazardous to life or limb.

■ Accordingly, for the defendant's conduct to constitute negligence per se, we must first conclude that, as a matter of law, mowing a residential lawn with a rotary power mower is an occupation injurious to health or morals or especially hazardous to life and limb within the meaning of the quoted statute. Such a conclusion would require an unauthorized exercise of legislative power by the court and would not be in accord with accepted rules of statutory construction.

■ A similar situation existed in Huffman v. Oklahoma Coca-Cola Bottling Company, Okl., 281 P.2d 436. There the court refused to enlarge upon Title 40 O.S.1951, § 72, by including in the term "dangerous machinery" a power driven mechanical conveyor belt not otherwise specifically enumerated therein. There the court held:

1. "This Court has no authority to exercise legislative power that is neither a means appropriate nor necessary to the judicial or supervisory powers granted to it by the Constitution.

2. "The inhibition contained in 40 O.S. 1951 § 72, Child Labor Statutes against employment of minors under 16 years of age in operation, or as assisting in operation, of certain types of machines therein enumerated as dangerous did not include a roller conveyor unknown to the industry when such statute was enacted, and which was shown by evidence not to be inherently dangerous."

The facts of that case, the reasoning therein set out and the authorities therein cited are equally applicable to this case.

The plaintiffs cite certain cases: Curtis & Gartside v. Pigg, 39 Okl. 31, 134 P. 1125; Frank Unnewehr Co. v. Standard Life & Accident Co., C.C., 176 F. 16; Employers Casualty Co. v. Underwood, 142 Okl. 208, 286 P. 7; and Braash v. Michigan Stove Co., 153 Mich. 652, 118 N.W. 366, 20 L. R.A.,N.S., 500, involving circular saws, a steam operated cotton compress and a freight elevator, all of which are machinery which our child labor laws specifically name and prohibit. Thus these authorities are not persuasive.

The trial court did not err in refusing to direct a verdict for the plaintiffs or by refusing to give the plaintiff's requested instruction No. 1.

Judgment affirmed.

The court acknowledges the services of Dwight Tolle, who with the aid and counsel of Hugh Coleman Nolen and Clyde F. Ross, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the

Oklahoma Bar Association and appointed by the court. The Chief Justice then assigned the case to DAVISON, J., for review and study, after which and upon consideration by the court, the foregoing opinion was adopted.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, BLACKBIRD, BERRY, HODGES and McINERNEY, JJ., concur.

LAVENDER, J., concurs in result.

WILLIAMS, J., dissents.

WILLIAMS, Justice (dissenting).

For the reasons stated herein, it is my opinion that the majority has incorrectly interpreted the provisions of 40 O.S.1961, § 71.

At trial, two expert witnesses testified on behalf of plaintiffs. The following question was asked of each witness:

"Assuming that you had a situation where we had a 21 inch rotary blade power driven lawnmower in the hands of a 12 year old boy for the purpose of cutting a lawn in a restricted area, I will ask you if you have an opinion as to whether or not this would be extra hazardous to the life and limb of that boy?"

In answer to this question, one witness, a Mr. Savage, former safety director of a petroleum company, stated:

"A: Yes. I don't think that a child—that a person of that age should operate that type of a mower unless the parent is there supervising it and has—and he has had pretty thorough instructions regarding the use of the mower; and even then it would be—a child is prone to do things just a little fast and don't think as well as a mature person; and I would say that it would be extremely hazardous for a child to operate this type of a mower. * * *"

The other witness, a Mr. Gavin, formerly a safety engineer, answered:

"It is a dangerous piece of equipment."

In their appeal, plaintiffs urge that the trial court erred in two respects, i.e., (1) in failing to direct a verdict for plaintiffs, and (2) in refusing to give plaintiffs' requested instruction No. 1, which stated:

"You are instructed that the law in Oklahoma is that no child under the age of 14 years shall be employed or permitted to work in any occupation especially hazardous to life or limb. In this connection you are instructed that if you find by preponderance of the evidence that the power mower used by the plaintiff, William Mac Devin, was especially hazardous to his life or limb, and that the defendant employed or permitted plaintiff to operate said mower on his premises and for his benefit, and as a result said plaintiff, William Mac Devin, suffered the injuries complained of, then your verdict should be for both plaintiffs in such an amount as will fully compensate them for the damages sustained by reason of said acts of the defendant, not to exceed the sum sued for herein."

Probably the trial court, before giving an instruction of some such effect, should have inserted therein the word: proximate, ahead of the word "result" or otherwise have indicated to the jury its duty to find defendant's negligence per se, if any, to have been the proximate cause of minor plaintiff's injury.

It is arguable that a party requesting an instruction should have "done his homework" and had it in proper form for submission to the jury. However, on so fundamental an issue, relied upon throughout the trial as here, in my opinion the duty devolved upon the trial judge as governor of the trial and in furtherance of justice to have properly instructed on the issue as indicated in this dissenting opinion.

In Employers' Casualty Co. v. Underwood, 142 Okl. 208, 286 P. 7, plaintiff, on appeal, contended that the trial court had erred when it failed to submit to the jury the question of whether plaintiff was engaged in an "occupation especially hazardous to life or limb" when he received the

injury complained of. In holding that under the evidence presented the question of whether such employment was especially hazardous was a question for the court below, we stated:

"The facts being undisputed, the question as to whether or not the deceased, Fred Garrett, was operating or assisting in operating steam machinery in this particular case, was a question for the court. The court decided it erroneously. Also, the same rule applies regarding the question whether the deceased was employed at an occupation especially hazardous to life or limb, which if true rendered the employment illegal for another reason. As already stated, the defendant requested the court to submit that question to the jury; but the court refused to do so, but did submit the question of the dangerous character of the work to which the child was assigned.

"There was no particular contention that the particular work assigned was especially hazardous when considered separate and apart from the occupation; but in view of the physical facts and the undisputed testimony, the question of the nature of the occupation was solely for the court. This view is entirely consistent with the rule that, 'where men of reasonable minds might draw different conclusions from the evidence, the case is for the jury.' And this is so, although the evidence is uncontradicted; that is, where facts proved without dispute require the exercise of reason and judgment, so that one reasonable mind may infer that a controlling fact exists and another that it does not exist, there is a question of fact. On the other hand, if there is no room for difference of opinion by the men of reasonable minds, there is no question of fact for the jury."

In Curtis & Gartside Co. v. Pigg, 39 Okl. 31, 134 P. 1125, this Court approved the lower court's submission to the jury of the question whether the minor plaintiff was engaged in employment "that was extrahazardous to his life or limbs."

The Supreme Court of Michigan has taken a similar view in holding that the question of whether employment endangers life or limb, which employment is prohibited by their statute, is a question for the jury. Sterling v. Union Carbide Co., 142 Mich. 284, 105 N.W. 755; Braasch v. Michigan Stove Co., 147 Mich. 676, 111 N.W. 197; Braasch v. Michigan Stove Co., 153 Mich. 652, 118 N.W. 366, 20 L.R.A.,N.S., 500.

In my opinion, the evidence submitted in the instant case concerning the hazardousness of a minor operating a power rotary mower, although not disputed, is such that reasonable minds could differ. Thus, under the above cited authorities, the question of whether the mower's operation was "especially hazardous to life or limb" of plaintiff should have been submitted to the jury. In my view, the lower court erred when it failed to do so.

The defendant argues that the provisions of 40 O.S.1961, § 71 in question herein only prohibit the employment of a child under the age of 15 in "any occupation * * * especially hazardous. * * *" Defendant's contention is that "any occupation" has reference to the principal business of one's life or to a trade or calling, and being so defined, such term does not include the employment of the minor plaintiff on this single occasion to mow defendant's lawn.

However, in my opinion, this construction of the statute is much too narrow. In this day and age, few children under the age of 15 have embarked upon their life's business or trade, although many of such children are employed during their summer vacations or after the completion of their school day. In my view, to follow defendant's construction of § 71, supra, is to sanction the casual employment of a minor under the age of 15 to perform tasks which by their very nature are "especially hazardous." Certainly the statutory intent was not to protect only those minors permanently working in hazardous employment; rather, the clear intent of the statute, as well as of the decisions construing it, as I see the problem, is to protect any minor

under the age of 15 by prohibiting such child from being employed where there are hazards and dangers present which the child cannot fully appreciate and against which he cannot protect himself. As we stated in Employers' Casualty Co. v. Underwood, supra, 286 P. at p. 13:

"The experience of mankind is that children are incapable of seeing and appreciating many patent dangers. Certainly they are incapable of avoiding many of the hazards and perils which adults find no difficulty whatever in unconsciously or automatically avoiding. For this reason, the courts look to the spirit of the laws regulating child labor, and not to their strict literalism. * * *"

Defendant also argues that the evidence submitted below shows that plaintiff was hired, if at all, only to mow the lawn, and that such evidence in no way establishes that plaintiff was employed to operate a rotary power mower as alleged in his petition. However, § 71 provides that "no child *. *. * shall be employed or permitted to work * * *" The evidence submitted herein tends to establish that defendant observed the initial stages of the mowing, and was cognizant of the type of mower plaintiff was using. In my opinion, in a new trial of the issues between the parties, if it should be found by the trier of the facts that defendant was aware of the type of mower used and that he assented to its use by the minor plaintiff (and that its such use as above discussed was especially hazardous to life or limb), then such trier of the facts would be warranted in finding that defendant permitted such plaintiff to do work within the prohibition of the statute. Curtis & Gartside Co. v. Pigg, supra.

Defendant further argues that even if the activity engaged in by plaintiff herein were prohibited by the provisions of § 71, supra, this activity is subject to an exception contained in 40 O.S.1961, § 283, which provides:

"The provisions of this Act shall not apply to any person or persons engaged in agriculture, horticulture, or dairy or stock raising."

Defendant contends that the mowing of a lawn clearly comes within the term "horticulture."

I cannot agree with this argument. Section 283 is contained in Chapter 7 of Title 40, and such chapter, first enacted in 1937, relates to the employment of "women or minors in any industry or occupation * * under conditions of labor detrimental to their health and morals." The chapter continues by providing, in § 263, Title 40, for an Industrial Welfare Commission to establish standards of wages and conditions of labor for women and minors which will be reasonable and not detrimental to health and morals. On the other hand, § 71 is contained in Chapter 3 of Title 40, which chapter specifically prohibits the employment of minors and women in certain types of work.

Defendant has cited no legislative history, and I have found none, which indicates that the exemption contained in § 283 is to apply to all provisions of Title 40. In my opinion, § 283 applies only to the provisions of Chapter 7, Title 40, and does not provide an exemption from the provisions contained in Chapter 3.

In conclusion, it is my opinion that Huffman v. Oklahoma Coca-Cola Bottling Co., Okl., 281 P.2d 436, cited by the majority has no application herein. In Huffman, we held that the specifically designated types of employment enumerated in § 72, Title 40, could not be expanded by judicial interpretation. In the instant case, we are not concerned with § 72. Rather, we are concerned with § 71 which prohibits, in applicable part herein, the employment of a child under the age of 15 "in any occupation * * * especially hazardous to life and limb." If we were to hold that the lower court should have submitted to the jury the question of whether the particular employment involved herein was especially hazardous, we would not be judicially expanding the enumerated types of prohibited employment, but would be merely setting

forth the proper method for the determination of such question.

It is my opinion that the judgment below should be reversed and the cause remanded for new trial.

I respectfully dissent.